## CHAPMAN *vs.* EARLY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the petition alleges the defendants are trading under a firm, and it appears the transaction was a commercial one, they will be considered as liable *in solido*, and judgment given accordingly, without any express allegation or prayer for a judgment *in solido*.

When only one partner of a firm joins issue and appeals, this court cannot inquire whether the other one was legally cited or not, or whether a curator ought to have been appointed to defend him.

This is an action for damages. The plaintiff alleges he purchased four hundred and twenty boxes bacon, for the sum of seventeen thousand one hundred and forty-nine dollars, from Early & Amelung, which he sent to Charleston, S. C., and on opening it, there was a large part of it damaged, so that he sustained an actual loss of seven thousand one hundred dollars in consequence thereof. He alleges, that Early & Amelung are indebted to him in that sum, for which he prays they may be condemned to pay him.

The defendant, Early, excepted to answering the petition, on the ground of general uncertainty and want of proper specifications.

The exception was sustained, with leave to amend.

The plaintiff amended his petiton, by alleging, that the bacon was unsound, unmerchantable, and not properly cured at the time of the sale.

The answer of Early admitted the sale and purchase of the bacon, but denied that Amelung was a partner. He admitted some of the boxes of bacon had accidentally got wet before delivery, of which he apprised the plaintiff, and that he agreed if there was any loss in consequence thereof, he would pay it. He denies that any statement of the loss was ever presented to him, or he would have promptly adjusted it.

Amelung did not appear and no defensor was appointed. The citation was directed to Messrs. Early and Amelung, and served on Early only, in person.

On these pleadings and issues the case was tried. The plaintiff had judgment *in solido*, against the defendants, and Early alone appealed.

*Strawbridge*, for the plaintiff, urged the affirmance of the judgment.

*G. B. Duncan*, for the appellant.

This cause should be reversed, and remanded for further proceedings. 1st, Because there is no averment in the petition that the defendants are liable *in solido*; and no prayer for judgment against them as such. The judgment, therefore, gives what the petition does not ask. An obligation *in solido* is not to be *presumed*; it must be averred and proved. *Louisiana Code*, 2088.

2. The citation was served on but one of the defendants; they were not associated together as commercial partners, and could not be cited in the manner provided in the Code of Practice, 198.

' 3. There is no issue as to but one of the defendants, and a curator *ad hoc* should have been appointed to the absent defendant. *Louisiana Code, 57.*

*Martin, J.*, delivered the opinion of the court.

The defendant, Early, is appellant from a judgment, by which the plaintiff has recovered damages, in consequence of the loss which he has incurred by the purchase of a large quantity of bacon, from the defendants, a considerable part of which was unmerchantable.

The case was tried by a jury, who found a verdict for the plaintiff, and a close examination of the evidence has not enabled us to discover any thing which authorizes our interference with the verdict.

The appellant's counsel, however, has contended in this court : 1st, That the judgment was erroneously given *in solido ;* there is no averment that the defendants are thus liable, nor prayer for a judgment *in solido.*

2d. The citation was served on but one of the defendants ; they were not associated together as commercial partners, and could not be cited in the manner provided in the Code of Practice, 198.

3d. There is no issue as to but one of the defendants, and a curator should have been appointed to the other.

I. The judgment is, in our opinion, supported by the pleadings. The petition avers, that the defendants are trading under the firm of Early & Amelung, and the purchase is evidently a commercial one, being for four hundred and odd boxes of bacon. This shows a liability *in solido ;* and the judgment prayed thereon was properly rendered as one of the same character as the claim, to wit, one *in solido.*

II. The appellant was cited and arrested; his co-defendant has not appealed. We cannot, therefore, inquire, whether he was legally cited.

III. The appellant joined issue with the plaintiff, and his co-defendant not being before us, we cannot inquire whether a curator was or ought to have been appointed to him.

It is, therefore, ordered, adjudged and decreed, that. the judgment of the District Court be affirmed, with costs.

Where the petition alleges the defendants are trading under a firm, and it appears the transaction was a commercial one, they will be considered as liable *in solido*, and judgment given accordingly, without any express allegation or prayer for a judgment *in solido*.

When only one partner of a firm joins issue and appeals, this court cannot inquire whether the other one was legally cited or not, or whether a curator ought to have been appointed to defend him.