Fowler v. Hilburn.

JOHN H. FOWLER v. CHARLES E. HILBURN AND ANOTHER.

A location made at the office of the Surveyor, within business hours, is prior in point of right to one made elsewhere and in the night.

Error from Lamar.   Tried below before Hon. W. S. Todd.

Suit brought by plaintiff in error against the District Surveyor of Lamar county to compel him to make a survey of 640 acres of land, which had been filed upon by Fowler, and against Hilburn to cancel a file made by him upon a portion of the same land of 320 acres, and to annul the survey made upon said last file.   Harmon, the Surveyor, answered, that between two and three o'clock on the morning of the 1st of September, 1853, the plaintiff in error, Fowler, filed upon the land described in his petition, at his residence, some nine miles from the county seat, where his office was kept in charge of a deputy ; that on the same day he went to the county seat and found that Hilburn had filed a 320 acre certificate on a part of the same land filed on by Fowler ; that he surveyed the land for Hilburn, and forwarded the field notes to the General Land Office.

Hilburn answered, that on the morning of the 1st September, about six o'clock, he filed a certificate for 320 acres, on a portion of the land described in the petition with the deputy of Harmon ; that he and his father have resided on the land for seven or eight years, and that his object in making the file was to perfect his title, as his vendor had neglected to return his field notes.

The facts proved on the trial corresponded with the answers of the defendants.

The Court charged the jury—"That the place for making applications for surveys of land is at the office of the District Surveyor, in the county seat, which in the present instance is Paris, and if the jury believe from the testimony that defendant applied to the office of the District Surveyor to make his location, in business hours, and the plaintiff applied at the residence of the Surveyor out of business hours, and previous to the application of defendant, that the application of defendant is not inferior to that of plaintiff. This proposition embodies in my opinion the law of this case. The jury will cautiously examine the testimony and apply it to the law as contained in the proposition referred to. I have no doubt that the County Surveyor might receive a file at his residence and make it good at his office, by entering it upon his file book, or by filing it amongst the archives of his office, and he would be bound to survey the land accordingly, provided no legal file had been previously made at the office."

To this charge the plaintiff excepted. There was a verdict and judgment for the defendants.

*S. H. Morgan,* for plaintiff in error.

*John T. Mills,* for defendant in error.

WHELER, J. The defendant did all in his power to secure his home by making his location at the earliest moment. He had previously apprised the Surveyor that he wished to make the location, and the latter had instructed him to make it with his deputy at his office; which he accordingly did. To receive the plaintiff's location elsewhere, and in the night time, before the location could regularly be made by the defendant at the office of the Surveyor, within usual business hours, was a surprise and fraud upon the defendant. The time and place sought by the plaintiff for making the location are evidence

that he was seeking an unfair advantage. Under the circumstances he ought not to benefit by his diligence. We are of opinion that the Court rightly held that the party who first made his location at the office of the Surveyor, within business hours, was prior in point of right. There is no error in the judgment and it is affirmed.

Judgment affirmed.