## William R. Bell v. Massey & Poultney.

Judgments are interpreted with reference to the pleadings and the nature of the obligations on which they have been rendered.

When parties are sued on an obligation on which they are jointly and severally bound, judgment will be rendered accordingly against them, without any allegation or prayer in the petition for a judgment *in solido*.

Where a suit is brought against persons bound jointly and severally according to law as commercial partners, a judgment rendered against them carries *solidarity* with it even when not expressed in it.

Where a promissory note made payable to the order of a firm, is endorsed by each member of the firm separately, in the absence of proof to the contrary, the payees will be presumed to be commercial partners, and each bound by his endorsement for the whole amount of the note.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Michel & Koontz*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

Land, J. The question presented for our decision in this case, is the liability of the plaintiff on a judgment recovered by the defendants against him and others, on a promissory note, as follows :

$439 05.                    New Orleans, March 26th, 1856.

Twelve months after date, we promise to pay to the order of *Hawes & Bell* four hundred and thirty-nine dollars and five cents, value received.

(Signed)                    Medley & Co.
(Endorsed)                    Peter Hawes,
.                    W. R. Bell,
C. E. Christensen.

The judgment in question is in these words : " That the plaintiffs, *Massey & Poultney*, recover from the defendants, *W. R. Bell, C. E. Christensen* and *William Phillips*, the sum of four hundred and thirty-nine dollars and five cents, with legal interest from the 29th day of March, 1857, until paid, and five dollars and fifty cents, costs of protest and costs of suit."

Judgments are interpreted with reference to the pleadings, and the nature of the obligations on which they have been rendered. The judgment against the plaintiff and other parties to the promissory note, tested by this rule, is a judgment *in solido*, or rather, a judgment against each one for the whole, because they were sued by *Massey & Poultney as the makers* and *endorsers* of the note, and the obligation alleged in the petition as the cause of action is, in law, an obligation *joint* and *several*, or several *and not joint*. Where parties are sued on an obligation on which they are jointly and severally liable, judgment will be given accordingly against them, without any express allegation or prayer for a judgment *in solido*. *Chapman* v. *Early*, 12 La. 230. And where a suit is brought against persons bound jointly and severally, according to law, as commercial partners, the judgment carries solidarity with it, although not expressed. *Prall* v. *Peet*, 3 La. 283.

The promissory note on which the judgment was rendered against the plaintiff, was made payable, as above stated, to the order of *Hawes & Bell*, and is endorsed by each of them separately and individually. In the absence of proof to the contrary, in such a case, the payees are presumed to be commercial partners, and each is bound, by virtue of his endorsement, for the whole amount of the note.

The appellees have joined in the appeal, and prayed for an amendment of the judgment.

It is, therefore, ordered and decreed, that the judgment be amended, and that plaintiff be declared to be liable for the whole amount of the promissory note on which judgment was rendered; and that the judgment in this case, thus amended, be affirmed, with costs.