S. M. DUNLAP ET AL. v. L. S. SOUTHERLIN ET AL.

(Case No. 1909.)

1. JUDGMENT — HOW CONSTRUED.— Every judgment, when ambiguous as to the party or parties in favor of or against whom it is rendered, must be read in the light of the entire record of the cause in which it was rendered.

2. SAME — CASES CITED.— Wilson v. Nance, 11 Humph. (Tenn.), 191; Fowler v. Doyle, 16 Iowa, 535; Bell v. Massey et al., 14 La. Ann., 831; Leviston v. Swan, 33 Cal., 484; Beers v. Shannon, 73 N. Y., 297; Hays v. Yarborough, 21 Tex., 489; Little v. Birdwell, 27 Tex., 692, cited and approved.

3. JUDGMENT — VOID EXECUTION.— A judgment rendered in favor of a party not before the court, upon a cause of action accruing to other parties, is void, and no execution can legally issue in favor of such party on such judgment.

4. JURISDICTION — JUDGMENT — PRESUMPTION.— A court has no more power, until its action is called into exercise by some kind of pleading, to render a judgment in favor of a party than it has to enter a judgment against him until he has been brought within its jurisdiction by some method known to the law; nor will it be presumed, in the face of a record which shows that certain named plaintiffs were seeking and entitled to a judgment, that the court rendered judgment in favor of some person not shown to be before it seeking relief.

5. SAME — BAR — EVIDENCE.— Such judgment, being void as to a person in no wise a party to the suit, would not be binding on him; nor would it be a bar to an action brought by him, showing himself at the time such judgment was rendered to have been the legal owner of a note, the basis of that judgment, and affecting the defendant with knowledge of that fact at the time the void judgment was obtained. The burden of proof as to the binding force of such judgment as to him would rest with the party against whom such judgment was rendered.

6. LIMITATION — JUDGMENT.— No lapse of time can make that a judgment in favor of a person not a party to the suit which was not a judgment at the time it was entered.

7. INJUNCTION — INTERVENTION — PRACTICE IN DISTRICT COURT.— A petition for injunction having sought to restrain all persons from enforcing a certain judgment alleged to be void, a partnership firm voluntarily intervened, and defenses accruing since the rendition of the judgment were set up by plaintiff to intervenors' petition. *Held*, that it was error to permit the intervenors to withdraw from the case and thereby defeat the right of plaintiff to have the benefit of an adjudication between them and himself.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

This suit was instituted by appellant, S. M. Dunlap, in the district court of Washington county, on the 24th day of July, 1883, against appellee L. S. Southerlin, and against Wyatt Lipscomb, appellee, as sheriff of Milam county, to enjoin Lipscomb from selling the interest of S. M. Dunlap in the partnership property of Dunlap & Graves, under an execution issued out of the district court of Washington county on the 17th day of April, 1883, in favor of L. S. Southerlin and against S. M. Dunlap, and by Lipscomb levied upon the property on the 16th day of July, 1883, to enjoin and restrain L. S. Southerlin from the collection of the execution, and that the plaintiff in execution and judgment and all other persons be enjoined from further proceeding under that judgment or execution; that the judgment and execution be canceled and set aside, and the injunction be perpetuated. The injunction was granted and writ issued on the 24th of July, A. D. 1883. The answer of L. S. Southerlin consisted of general and special exceptions, and Lipscomb, sheriff, justified under the writ and adopted pleading of defendant Southerlin. L. S. Southerlin set up specially the proceedings in the suit 3669, showing the judgment, and that executions were regularly issued and judgment kept alive up to time of the issuance of writ in 1883, and levy on the stock of goods in Milam county, and claimed that the goods were liable to the execution, and claimed damages for the delay.

On September 8th, James M. Southerlin, James R. Warren, William T. Southerlin and James F. Callaway, comprising the firm of

---

---

Southerlin, Warren & Co., intervened, claiming that they brought suit 3669, and that Dunlap in that suit appeared, and that such proceedings were had as resulted in the judgment upon which the execution was issued, and that the intervenors consented to the enforcement of the judgment. They afterwards dismissed their plea of intervention. The injunction was dissolved, etc. The judgment in suit 3669 was rendered in favor of L. S. Southerlin and against Dunlap, though the suit was brought by Southerlin, Warren & Co. This statement, with that in the opinion, will suffice to understand the questions discussed by the court.

*Henderson & Henderson* and *Lott & Ralston*, for appellants, on dismissing plea of intervention, cited: Bradford *v.* Hamilton, 7 Tex., 55; Field *v.* Gantier, 8 Tex., 74; Frank *v.* Kaigler, 36 Tex., 306; Allen *v.* Pannell, 51 Tex., 165. On the invalidity of the judgment: R. S., arts. 1354, 1355; Pasch. Dig., art. 4951; Ramsey *v.* McCauley, 9 Tex., 106; Russell *v.* Miller, 40 Tex., 499; Witt *v.* Kaufman, 25 Tex. Sup., 386; Freeman on Judg., sec. 117.

*Anthony & Wilcox* and *Sayles & Bassett*, for appellees, cited: Watson *v.* Hopkins, 27 Tex., 642; Lawler *v.* White, 27 Tex., 250; Fitch *v.* Boyer, 51 Tex., 344; Murchison *v.* White, 54 Tex., 78; Tennell *v.* Breedlove, 54 Tex., 540; Alston *v.* Richardson, 51 Tex., 1, and other cases.

STAYTON, ASSOCIATE JUSTICE.— This action was instituted by S. M. Dunlap July 24, 1883, against L. S. Southerlin and Wyatt Lipscomb, sheriff of Milam county, to restrain the sale of certain property, levied upon under authority of an execution which issued from the district court for Washington county April 17, 1883.

The execution was issued in favor of L. S. Southerlin and against S. M. Dunlap, and the question which arises is: Was there a valid judgment in favor of L. S. Southerlin against S. M. Dunlap to support the execution.

It appears that on the 5th of April, 1867, John M. Southerlin, William T. Southerlin, James R. Warren and James F. Callaway, who composed the firm of Southerlin, Warren & Co., instituted a suit in the district court for Washington county against S. M. Dunlap on a note executed by Dunlap to themselves, not shown ever to have been legally or equitably transferred. This action was numbered 3669, and therein Dunlap was regularly served with process, and appeared and answered by attorneys by him employed.

The record in that case was offered in evidence, and there is nothing tending to show that any part of the record has been lost or destroyed.

That record shows the petition as before stated, the note sued on, citation and return showing proper service, and answer filed for the defendant, consisting of·general demurrer and general denial, and subpœnas for witnesses issued for the defendant.

On the petition, in the handwriting of counsel who represented Southerlin, Warren & Co., who also represents the appellees in this case, the following indorsement is found: "Submitted to court; judgment for plaintiff, note and interest, October 16, 1871."

Counsel who represented Southerlin, Warren & Co. testified in this case, and stated in substance that he knew of no other pleadings than such as are now found in the record, and that he knew of no agreement that judgment should be taken in favor of L. S. Southerlin, who is not shown to have been a party in any way to the suit. In fact, the existence of such a person, to say the least of it, is rendered exceedingly doubtful by the evidence of the attorney who represented Southerlin, Warren & Co., who seems to have no knowledge of such a person by reputation or otherwise, as well as by other evidence which is found in the record.

October 16, 1871, in cause No. 3669, the following judgment was entered:

"L. S. SOUTHERLIN )
3669        v.          } ss.     October 16, 1871.
     S. M. DUNLAP. )

"This day came the parties by their attorneys, and by consent a jury was waived, and the cause is submitted to the court, and thereupon the argument of counsel being had, and the matters and things being seen and by the court fully understood, and it is considered by the court that the plaintiff do have and recover of the defendant the sum of ($1,391) one thousand three hundred and ninety-one dollars, principal and interest, with interest thereon from this day at the rate of eight per cent. per annum, and all costs of suit, and that they have their execution."

The appellant pleaded and proved that he settled the claim of Southerlin, Warren & Co. with them about the year 1874, by paying twenty per cent. of the face of the original debt.

Southerlin, Warren & Co. intervened in this cause, but, with leave of the court, afterwards withdrew their intervention, the appellant objecting thereto.

It will be observed that there is nothing in the entire record

which connects L. S. Southerlin with the case, except his name is used in the caption of the judgment.

There is no judgment expressly in his favor, but the judgment is in favor of the plaintiff; and when we look to the proceedings prior to the judgment, we ascertain that the plaintiff was a copartnership, the names of the constituents of which are clearly given in the petition, upon which an indorsement was made at the time the judgment was entered.

L. S. Southerlin was not one of the persons named as plaintiffs in the petition, and there is no well founded claim that any pleading was filed or agreement made through which L. S. Southerlin was made a party plaintiff.

There is nothing to indicate that the papers offered in evidence did not constitute the entire record.

After having offered the record in evidence the parties agreed as follows: "It is admitted that no other papers or proceedings appear on the record of cause No. 3669, district court of Washington county, Texas."

Every judgment, when ambiguous as to the party or parties in favor of or against whom it is rendered, must be read in the light of the entire record in the case, which, in the sense here used, embraces the pleadings. Wilson *et al. v.* Nance *et al.*, 11 Humph., 191; Fowler *v.* Doyle, 16 Iowa, 535; Bell *v.* Massey & Poultney, 14 La. Ann., 831; Leviston *v.* Swan, 33 Iowa, 484; Finnagin *v.* Manchester, 12 Iowa, 522; Beers *v.* Shannon, 73 N. Y., 297; Hays *v.* Yarborough, 21 Tex., 489; Little *v.* Birdwell, 27 Tex., 692.

The judgment is in favor of the plaintiff; such is not shown to have been L. S. Southerlin. The cause of action was one which accrued to the persons whose names were given as the plaintiffs in the petition, and there is nothing to show that any other person had any interest whatever in it. The persons who are to have execution are designated by the words "they" and "their."

Looking to the whole record, there can be but little, if any, doubt that the name of L. S. Southerlin was inserted in the caption to the judgment through inadvertence.

A judgment rendered against a person not before the court would be void, and it is not perceived that a judgment against a defendant in court at the suit of named plaintiffs, upon a cause of action accruing to them alone, in favor of a person in no manner a party to the action, can stand upon any higher ground.

Courts have no more power, until their action is called into exercise by some kind of pleading, to render a judgment in favor of any

person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient; and it never will be presumed, in the face of a record which shows that certain named plaintiffs were seeking and entitled to a judgment, that the court rendered a judgment in favor of some person not shown to be before it seeking relief.

If the record before us exhibited a judgment, clearly and undoubtedly in favor of L. S. Southerlin, there would be a strong presumption that the record in other respects was imperfect; such, however, is not the case; and looking to the record alone, we feel constrained to hold that no judgment was ever rendered in favor of L. S. Southerlin in cause No. 3669; from which it follows that no execution can legally issue under the judgment in that case in his favor.

Suppose with the same caption the judgment had been in favor of the defendant instead of the plaintiffs, would it be seriously contended that such a judgment, in the face of the entire record presented, would bar an action afterwards brought by L. S. Southerlin, if he showed such facts as made him the owner of the note, and brought home to the defendant knowledge of such ownership and want of authority or right in Southerlin, Warren & Co. to maintain the action, prior to the time the judgment was rendered? Surely not. To bind him by the judgment, the burden of proving such facts as would make him in effect a party to the action would rest on the defendant, and the facts in proof would not be sufficient for that purpose.

No lapse of time can make that a judgment in favor of L. S. Southerlin which was not so at the time it was entered; hence, the statute of limitations applicable to injunction suits has no application to this case.

The petition sought to restrain all persons from enforcing the judgment, and when the persons composing the firm of Southerlin, Warren & Co. voluntarily made themselves parties to the suit, they consented that their right to enforce the judgment should be inquired into. The appellant set up defenses against them, which arose subsequently to the rendition of the judgment, which were therefore not affected by the statute of limitation, and we are of the opinion, as the case is presented, that the court should not have permitted them to withdraw from the case and thereby defeat the right of Dunlap to have the benefit of an adjudication between them and himself.

The questions whether, as to Southerlin, Warren & Co., the judgment was barred by limitation, and as to whether the settlement made with them by Dunlap since the judgment was rendered, were not passed upon by the court below; nor have they been presented by counsel in this court. Under this state of facts, and considering the state of the record before us, it is deemed more likely that justice will be attained by reversing the judgment and remanding the case than by rendering a judgment here determining the rights of all parties to the action.

The judgment of the court below will therefore be reversed and cause remanded, that the court below may dispose of the cause upon its merits as to all the parties; and it is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered January 16, 1885.]