[ No. 1614. Decided February 7, 1895.]

*In the Matter of the Assignment of* WILLIAM H. BOX *et al.*: JOHN T. NEWLAND, *Assignee, Respondent,* v. JOHN DOBSON, *Appellant.*

ASSIGNEE'S SALE — CLOUD ON TITLE — RIGHTS OF BIDDER.

The purchaser of land at an assignee's sale is entitled to a perfect title, and cannot be compelled to take land which he has bid for, when he would thereby be put to expense to clear the title.

Where the assignee of an insolvent estate, after making sale of land belonging thereto, reports to the court that he returns the property unsold for the reason that the purchaser will not consummate the sale, and asks permission to dispose of the same at private sale, he is estopped, after the lapse of eight months, from enforcing payment from the purchaser.

*Appeal from Superior Court, Lewis County.*

*Millett & Harmon,* for appellant.

*Reynolds & Stewart,* for respondent:

A purchaser of lands at judicial sale may insist on a good title, and will be excused from completing his purchase in case of a defect of title, unless put upon his guard at the date of purchase by some prior notice, and unless the serious defects shown by him are remedied. *Fryer v. Rockefeller,* 63 N. Y. 268; Rorer, Judicial Sales (2d ed.), § 150. A purchaser at judicial sale will be compelled to complete his purchase where defects of title are cured. *Graham v. Bleakie,* 2 Daly, 55; *Miller v. Wright,* 109 N. Y. 194.

The opinion of the court was delivered by

DUNBAR, J.—The material facts in this case are as follows: Box and Rhodes, under the firm name of the Chehalis Shingle Company, on the 31st day of October,

1891, made a general assignment for the benefit of all their creditors to John T. Newland, the respondent herein. In the deed of assignment to said assignee was included the land which was the subject of this action. On March 2, 1892, the judge of the superior court of Lewis county issued an order directing the respondent to sell the real and personal property of the insolvent estate, and report his action to the court. Subsequent to said order, on March 20, 1893, the respondent, by petition, showed to the court that he had in his possession and under his control, by virtue of an assignment of Henry C. Rhodes to him as assignee, a note for the sum of $1,134, secured by a mortgage upon the real property above referred to; and asked leave of the court to foreclose the same, that it might not be a cloud upon the title to the said property. Whereupon the court entered an order directing the respondent to foreclose said mortgage, and to collect, if possible, the amount due on said note. Under this order, foreclosure proceedings were commenced, and were pending at the time of the respondent's sale as assignee.

Beside the $1,134 mortgage, there was also another mortgage on the property of $3,500, given to one William P. Rhodes by Henry C. Rhodes, co-partner of William H. Box, and Laura Rhodes, his wife, and this was outstanding against the property at the time of the sale by respondent.

On the 13th day of May, 1893, the respondent, acting under the order of the court of March 2, 1892, offered the property for sale, and John Dobson, the appellant herein, bid in the said property for the sum of $300. Afterwards, learning of the incumbrances, he refused to pay for the same. On January 10, 1894, the respondent procured an order from the court,

citing appellant to appear and show cause why he did not complete his purchase. Upon the petition of respondent, the answer of appellant and the reply of the respondent, the cause was brought on for trial before the court, and judgment was rendered against appellant, to which he duly excepted, and the cause comes here on appeal from such order.

It is claimed by the respondent that the land in question was afterwards relieved of the mortgage of $1,134, and that the mortgage of $3,500 was only an apparent lien upon the property, and that there was nothing in the way of respondent's obtaining a good title to the land at the time the action was brought. But it appears that these foreclosure proceedings were still pending when the appellant was cited to appear and perfect his purchase. This was eight months after the alleged sale of the property to the appellant, and during the ten months following the date of the respondent's sale no effort was made to clear up the title to the property. The order dismissing the mortgage foreclosure proceedings was not made until the final judgment against appellant in this proceeding was signed, and a year after the date of the sale; and the discharge of the $3,500 mortgage was not procured until ten months after the date of said sale.

It was the right of the appellant to obtain a good title, a title that would be perfect, without imposing the expense on him of instituting suits to clear the land of incumbrances. It would be an injustice upon the appellant to compel him to take an imperfect title to the land, and pay the amount therefor which he presumed he was paying for a perfect title, and then compel him to hire attorneys to perfect his title; and "where the court can see that injustice will be inflicted by the ratification of the sale upon the party not in de-

fault, by reason of the carelessness or omission of its own officers, it should interfere to prevent it." 2 Freeman, Executions, § 308.

It will not do for the respondent to say that these were mere clouds upon the title and only apparent liens, for the reasons that we have above mentioned, that the buyer has a right to a perfect title without any expense whatever to himself.

But outside of these questions, the return of the assignee to the sale, after rehearsing the facts of the sale, is as follows:

"That said purchaser afterwards refused to consummate said sale by paying the money for which said property sold, and this assignee herewith returns said property unsold, and subject to the further order of this court.

"7. The assignee further reports that he can make a good disposition of said property at private sale, and asks that he be permitted so to do.

(Signed)    JOHN T. NEWLAND, *Assignee.*"

The purchaser had a right to rely upon the report of the assignee, that he returned the property unsold, and to presume that the further report that he could make a good disposition of the property at private sale would be acted upon by the court, and when eight months had expired and the purchaser had not been called upon to pay for said land, this fact, coupled with the reliance upon the report above specified, ought to have been absolute.

The judgment will, therefore, be reversed, and the cause remanded with instructions to dismiss this proceeding at the expense of the insolvent estate.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.