## TEXAS SAVINGS-LOAN ASSOCIATION v. B. C. BANKER ET AL.

### Decided April 3, 1901.

**1.—Independent Executor—Judgment—Evidence.**

On the issue of title derived by execution sale under judgments for recovery of money against B., "independent executor and devisee," etc., or against B. in "capacity of independent executor of and legatee," etc., if the judgments were ambiguous (which it seems they were not) the records in the respective suits were properly admitted to show that such judgments were against the defendant only in a representative capacity.

**2.—Independent Executor—Judgment—Execution.**

A money judgment against an independent executor in his capacity as representative or legatee will not support a sale under execution of property of defendant not derived from the testator.

Appeal from Bell. Tried below before Hon. Jno. M. Furman.

*J. B. Scarborough,* for appellant.

*Banks & Cochran,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, the Texas Savings-Loan Association being plaintiff and Mrs. B. C. Banker and A. J. Joyce being defendants. Both the defendants pleaded not guilty, and Joyce filed a cross-action against Mrs. Banker to recover purchase money and foreclose a vendor's lien upon part of the property in controversy, which is two lots in the city of Temple, in Bell

County. The court below rendered judgment in favor of both defendants against the plaintiff, and in favor of the defendant Joyce on his cross-action against Mrs. Banker. The plaintiff alone has appealed.

The plaintiff deraigned title through execution sales made under executions issued from the District Court of McLennan County and a justice of the peace court of the same county. The court below held that the judgments did not authorize the issuance of executions against Mrs. Banker individually; and therefore that the sales made under the executions referred to were void. The portions of the judgments material to the question under consideration read as follows: "And it is ordered, adjudged, and decreed that the plaintiff, the Texas Savings-Loan Association, do have and recover of and from B. C. Banker, independent executor and devisee under the last will of Lydia Moone, the sum of $3065 (thirty hundred and sixty-five dollars), with interest at ten per cent from this date." (First judgment.)

"It is therefore ordered, adjudged, and decreed by the court that plaintiff S. E. Shelton have and recover of and from defendant Mrs. B. C. Banker, in her capacity of independent executor of and legatee under the last will and testament of Lydia Moone, deceased, the sum of one hundred and fifty-nine and 30-100 ($159.30) dollars, and all costs expended by him herein." (Second judgment.)

The latter judgment shows upon its face that it was not intended to fix liability against Mrs. Banker except as executor of and legatee under the will of Lydia Moone; and perhaps the same construction should be placed upon the other judgment. However, the trial court admitted in evidence the records, including the pleadings in the two cases, and these documents make it clear that both suits were actions against Mrs. Banker for the sole purpose of fixing liability against her as executor of or legatee under the will of Mrs. Moone, and justified the court, if there was any ambiguity in the judgments, in the ruling referred to.

Appellant's objections to the admissibility of the records in the two suits referred to can not avail to reverse the judgment. If the judgments were ambiguous, the evidence referred to was admissible to aid the court in construing them. If they were not ambiguous, as we are disposed to hold, they did not authorize the issuance of executions for the sale of any property belonging to Mrs. Banker, other than such as she received from the Moone estate; and the undisputed testimony shows that the property in controversy was not so acquired.

As this ruling breaks down the plaintiff's title, it is unnecessary to determine the correctness of the holding by the trial court that one of the lots was the homestead of Mrs. Banker at the time of the execution sales referred to. Nor are we called upon to decide whether or not the court ruled correctly in rendering judgment for Joyce on his cross-action. Mrs. Banker has not appealed, and is not complaining of the judgment in favor of Joyce; and as the plaintiff failed to establish any title to the land and no moneyed judgment was rendered against it, except for costs, it can not be heard to complain of the fact that Joyce

obtained a judgment against Mrs. Banker for purchase money due for one of the lots, and a foreclosure of the vendor's lien upon the lot.

We adopt the conclusions of fact filed, and affirm the judgment rendered by the court below.

*Affirmed.*

Writ of error refused.