TOYAH VALLEY IRR. CO. v. WINSTON. (No. 383.)

(Court of Civil Appeals of Texas. El Paso. Feb. 25, 1915. Rehearing Denied March 18, 1915.)

1. WATERS AND WATER COURSES ☞254—IRRIGATION—INJUNCTION—BURDEN OF PROOF.

In an action to enjoin an irrigation company from refusing to contract to furnish water to his lands for a reasonable compensation, the burden is upon plaintiff to establish, not only that his lands are riparian to the stream, but that there is water in the stream to which he is lawfully entitled, and to establish that his lands have a priority of claim for water over other lands to which the company has contracted to deliver water.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. ☞254.]

2. JUDGMENT ☞251—REQUISITES — SUPPORT IN PLEADING.

In an injunction against an irrigation company, where plaintiff did not contend that he had a contract with the company to deliver water, but contended that the company had made 50-year contracts with others at a certain rate per acre, the pleadings did not sustain a mandatory injunction requiring defendant to furnish water at a given rate for 50 years.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ☞251.]

3. WATERS AND WATER COURSES ☞257—IRRIGATION COMPANY—CONTRACTS—STATUTES.

Rev. St. 1911, art. 4991, declaring the waters of streams to be the property of the state, which may be acquired by appropriation for the uses provided therein; article 4994, declaring irrigation to be such a use; article 5002, authorizing the formation of irrigation companies; article 5002a, Vernon's Sayles' Ann. Civ. St. 1914, authorizing such companies to make contracts for water with those entitled to receive it; article 5002b, naming the persons entitled to use water; and article 5002c, prohibiting discrimination against users and providing that if the company and a person possessing land contiguous to its canals fail to agree upon the price for a permanent water right, or for the use or rental of water to irrigate land, the corporation, if having sufficient water, shall furnish the necessary water to such owner at a reasonable price—are intended to protect owners riparian to such streams in their absolute right to water at a reasonable price, and no one should pay more or less, even though by contract, unless the local conditions might make it more expensive to deliver water, and if the company's contract prices result in discrimination to others entitled to water the court, at their suit, would require that they be furnished water at a reasonable price.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 312; Dec. Dig. ☞257.]

4. WATERS AND WATER COURSES ☞257—INJUNCTION—DAMAGES.

In injunction to compel an irrigation company to furnish water for plaintiff's land, where the jury determined that $1.50 per acre was a reasonable price for the year in question, and their verdict was supported by the evidence, the judgment would be upheld, though it would not be construed as a holding that that price would be a reasonable charge for another year.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 312; Dec. Dig. ☞257.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action for injunction by W. E. Winston against the Toyah Valley Irrigation Company. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed in part.

Ross & Hubbard, of Pecos, and Capps, Cantey, Hanger & Short and Ocie Speer, all of Ft. Worth, for appellant. W. A. Hudson and E. C. Canon, both of Pecos, for appellee.

HARPER, C. J. This suit was instituted by W. E. Winston against the Toyah Valley Irrigation Company, alleging that the defendant was a corporation organized under the laws of Texas as an irrigation company for the purpose of constructing, maintaining, and operating canals, ditches, flumes, etc., and of supplying water as a common carrier thereof to all persons entitled to the same for irrigation, and that as such common carrier it was engaged in transporting and furnishing the waters of Toyah creek to all the riparian lands entitled to water from said stream.

That plaintiff was the owner of certain lands riparian to said Toyah creek, and as such owner was entitled to be supplied by the defendant with water from said Toyah creek for the purpose of irrigation. That the defendant company from its organization up to the time of filing this suit, which was October 25, 1911, had entered into contracts with various owners of land riparian to Toyah creek, whereby it agreed and bound itself to deliver to such owners 65,340 cubic feet of water per acre per annum for irrigation purposes for the sum of $1.50 per acre per annum. Plaintiff alleges that although his lands are riparian to Toyah creek and, as such, entitled to water for irrigation purposes · from the defendant, and although he has at all times tendered and offered to pay to defendant the sum of $1.50 per acre per annum, for the usual quantity of water, yet the defendant on and after January 1, 1911, has negligently and willfully and persistently refused to carry and deliver to him, or any of his said lands, any of the water of said creek, except at such times as suited the convenience of defendant. That by reason of defendant's failure to furnish him water during the year 1911, he lost the profits on a crop of alfalfa and milo maize for want of sufficient water, to his damage $1,780. Plaintiff alleged a willingness to pay defendant the sum of $1.50 per acre per annum, until April 1, 1957, the time for which he alleged defendant had entered into contract to supply to other riparian owners, and prayed for such judgment for his damages for loss of crops, and that his lands be adjudged riparian to Toyah creek and entitled to receive their. appropriate part ·of Toyah creek for irrigation and domestic purposes, and that defendant company, its successors and assigns, be compelled, by writ of mandatory injunction, to transport and deliver to his said lands the water to which they are entitled, on the same terms, conditions and prices as charged by said company to other persons similarly situated.

The defendant answered first by plea in abatement for want of necessary parties defendant, by general and special exception to plaintiff's original petition, by general denial, and especially that prior to the year 1911, defendant found it was unable to deliver water through its system of canals to the land claiming the right of water from Toyah creek for the sum of $1.50 per acre per annum, and that to continue to do so would result in great loss to defendant for the reason that said sum· did not constitute an adequate and reasonable charge. That $1.50 per acre per annum does not furnish defendant company a sufficient revenue from which to defray its operating expenses, fixed charges, and reasonable compensation for the money invested in its said system of canals. That it, therefore, had from and after January 1, 1911, fixed a reasonable sum of $2.50 per acre per annum for furnishing water to customers who thereafter were entitled to and demand-

ed the same. That though the plaintiff was advised of defendant's said action, he at all times refused to enter into contract with it to pay the said reasonable sum of $2.50 per acre per annum, or to pay the same, but at all times refused to pay the defendant for its services more than the sum of $1.50 per acre per annum. Defendant further answered that it had no means of knowing whether or not the plaintiff's lands were really riparian to Toyah creek, and that plaintiff, although requested so to do, had at all times refused to furnish the evidence of such fact.

The plaintiff interposed an exception to the defendant's plea in abatement, and on final trial the same was sustained and said plea was stricken out. The cause was thereupon submitted to a jury, which returned a verdict on special issue in favor of plaintiff, upon which the court entered judgment for plaintiff in the sum of $160 for damages for loss of crops, and further ordered that a mandatory injunction do issue, commanding the defendant to furnish water to the lands of plaintiff for the sum of $1.50 per acre per annum from and after the date of said judgment to April 1, 1957.

The first assignment is that the trial court erred in striking out, upon motion, the defendant's plea in abatement which charged that there were other necessary parties without which the issues in the cause cannot finally be determined. The allegations of fact relied on to support the plea are that a number of owners of land, some of which land is riparian and some not, claim to have the right by adverse user or prescription, to all the waters of Toyah creek, naming them. That defendant had, prior to the time plaintiff applied for water, executed contracts to convey water to various lands other than those claiming the water by prescription. That it is necessary to judicially determine whether the said lands are entitled to all the waters of the said creek, in order to determine whether in fact this plaintiff is entitled to any water. That in order to determine this, the parties so named are necessary and indispensable.

[1] The burden is upon the plaintiff to establish not only that his lands are riparian to the stream, but also that there was water in the stream to which he is lawfully entitled, for if all the waters have been contracted to other parties, or lawfully appropriated by prescriptive right, or. otherwise, prior to the time plaintiff made application to the company, then, clearly, he is not entitled to a decree in his favor for water unless he can establish that his lands have a priority of claim for water over some other lands to which the defendant has contracted to deliver water, and the proof of either or all of these facts can be made without such claimants being made parties to this action. No reason occurs to us why the plaintiff could not establish that the waters to which others were. legally entitled by prescription and by prior contract did not constitute the whole or such

portion of the waters as to preclude him from receiving the amount demanded or a portion of it, without making additional parties, but this question is settled by the agreement between the parties, viz.:

"It is agreed between the plaintiff and defendant that the lands described in plaintiff's petition is * * * riparian to Toyah creek, and is entitled to its proportionate share of the water flowing therein, and that if plaintiff had had a contract to receive water for the year 1911, he would have received as much as 18 inches of water during said year."

The second assignment asserts that the plaintiff's petition states no cause of action, therefore the court erred in overruling general demurrer. The answer to this is that the allegations in the pleadings are sufficient, as quoted in the original statement in this opinion, as to that portion of the judgment which by this opinion is held to be valid.

The third assignment charges that the court erred in overruling defendant's motion for instruction for defendant. This motion was properly overruled, as is disclosed by this opinion, as to the issues required to be submitted under the pleading and proof.

The fourth is that the findings of the jury upon special issues submitted are contradictory of and opposed to the undisputed testimony. The two questions submitted and the answers thereto are as follows:

No. 1. Is $1.50 per acre per annum a reasonable amount for the defendant company to charge to carry water to plaintiff's land?

No. 2. What would have been the difference between the reasonable cost of preparing plaintiff's land, planting, cultivating, watering, harvesting, and marketing his crops and the reasonable market value of the crops he would have raised during the year 1911, had he been furnished by the company with 18 inches of water?

The verdict is: No. 1 is answered in the affirmative. No. 2: "We find the difference to be $160, in favor of plaintiff." The evidence is conflicting, but there is sufficient in favor of plaintiff's contentions to support the verdict upon these issues.

[2, 3] The fifth is that the decree of the court entered herein is unwarranted by the law and the facts. The judgment entered upon the questions and answers just quoted as applicable to this assignment reads:

" * * * It is therefore ordered, adjudged, and decreed * * * that W. E. Winston do have and recover from the defendant * * * the sum of $160 and costs. * * *

"It is further ordered that * * * a mandatory injunction issue, and the same is hereby issued, commanding the defendant * * * to furnish water to the lands described * * * at and for the sum of $1.50 per acre per annum * * * from this date to April 1, 1957.

"It is further ordered, adjudged, and decreed by the court that said water shall be furnished in the same amount and in the same manner as same is now furnished to other persons holding water right contracts from said defendant."

Among other reasons given, are:

"That it deprives the defendant of the right to contract with the plaintiff in the future.
* * * It obligates the defendant, without in any way enjoining any duty upon plaintiff to take and pay for same. * * * That the decree compels defendant to deliver water at a price which is discriminatory against the public generally."

By article 4991, Revised Civil Statutes 1911, the waters of such streams are declared to be the property of the state, and the right to the use thereof may be acquired by appropriation in the manner and for the uses and purposes provided in the act. Article 4994 provides that irrigation is one of the purposes. Article 5002 authorizes the formation of corporations such as defendant. Article 5002a authorizes such companies to make contracts for water with those who are entitled to receive it. Article 5002b names the persons who are entitled to use water. Article 5002c provides that there shall be no discrimination against users, and said last article further provides that if the corporation controlling such water and the person who holds a possessory right to land adjoining or contiguous to such canal fail to agree upon a price for a permanent water right, or for the use or rental of the necessary water to irrigate such land, such corporation shall, nevertheless, if it had control of water not contracted to others, furnish the necessary water to such person to irrigate his lands at such prices as shall be reasonable and just, and without discrimination.

The counter proposition of appellee is that where a judgment conforms to the pleadings and the evidence and is definite and certain in its terms, it is sufficient. It is fundamental that a judgment must be supported by the pleadings. Dunlap v. Southerlin, 63 Tex. 38; Flores v. Smith, 66 Tex. 115, 18 S. W. 224. It will be noted that plaintiff does not contend that he had a contract with the defendant to deliver water, either in his pleadings or evidence, but so far as his pleadings reveal his contentions, his right to have the court decree a 50-year contract for water at $1.50 per acre is based entirely upon the allegation that it had made similar contracts with others, and it is sufficient to say that a decree for a mandatory injunction requiring defendant to furnish water at a given price for 50 years cannot be sustained upon such pleadings.

The courts cannot by decree require a party to do that which he has not contracted to do, nor the law requires him to do. The statutes quoted above require irrigation companies such as defendant to deliver water to those persons who are entitled to it, and that contracts may be made in such cases, but there is no law that contracts shall be made. It is provided that contracts may be made, provided the parties can agree upon a reasonable price, and in the absence of a contract by agreement as to price between the parties, then the company is nevertheless to furnish water to such persons at a reasonable rate. The purpose of these statutes

evidently is to protect all persons who own lands riparian to such streams in their absolute right to water as well as that they may all have it at a reasonable price, and that no one should pay more or less than another, even though by contract, unless the local conditions, such as the location of the land to be watered, made it more or less expensive to put the water on it. It would seem that time and circumstance might change conditions to such an extent that the price for delivery of water would be increased or decreased.

So, even in the case of contracts, if the price fixed, in time, resulted in discrimination as to other parties entitled to water, that is, if the company by mistake contracted with certain persons at such a price as that it resulted in others being compelled to pay exorbitant rates in order to obtain water, while the courts might not relieve the parties to such contracts, they undoubtedly would at the suit of the others right the matter so that all might be furnished water at a reasonable price.

[4] The jury having determined that $1.50 per acre was a reasonable price for the year in question, and their verdict being supported by evidence, the judgment for damages must be upheld. But this is not to be construed to be a holding that such is or would be a reasonable charge for another year, but each year, the price per acre, in the absence of contracts, must be controlled by the conditions and circumstances attendant upon delivery.

The judgment of the trial court for $160 is affirmed and here reversed and rendered as to that portion which declares that said water shall be furnished in the same amount and in the same manner as same is now furnished to other persons, etc. And the injunction is dissolved.

Affirmed in part and reversed and rendered in part.