**DONOVAN et al. v. YOUNG et al.**

**No. 3416.**

Court of Civil Appeals of Texas. Beaumont.

March 23, 1939.

Rehearing Denied April 12, 1939.

Alex T. Sidman, Sam W. Davis, Abe Gollob, and Sol Gollob, all of Houston, for appellants.

Pitts & Liles, of Conroe, for appellees.

COMBS, Justice.

This is an appeal from a judgment of the Ninth District Court of Montgomery County, rendered on an instructed verdict, denying appellants' bill to review a judgment of the court probating the will of John Rhoden, decd.

Pertinent facts with reference to entry of the judgment sought to be reviewed are as follows: The will of John Rhoden, decd., was filed for probate in the County Court of Montgomery County on March 22, 1937. The will devised the bulk of the estate, which was valued at $35,000, to appellee Mrs. Young, a daughter of the deceased. Appellants, Mrs. Mary Rhoden Donovan, another daughter, and Mrs. Ada Wilson, only daughter of a deceased daughter, were devised only $5 each by the terms of the will. These two, joined by their respective husbands, employed Hon. J. J. Collins, an attorney of Lufkin, Texas, to contest the probate of the will and he seasonably filed the contest for them in the County Court. On May 8, 1937, the County Court entered judgment denying claims of contestants and probating the will. An appeal was duly perfected from that judgment to the Ninth District Court of Montgomery County. The case was set for trial on July 19, 1937, but was continued at the request of Mr. Collins. The case was set for trial in September, 1937, but was again continued. On November 8, 1937, it was called for setting and was set for trial on November 22, 1937, and Mr. Collins was advised of a setting. When the case was reached on November 22nd neither the appellants nor their attorney, Mr. Collins, were present. Mr. Collins was communicated with by telephone at Jasper, Texas, where he was engaged in the trial of another case. The case was passed over to the following day when Mr. Collins stated over the phone that he had reached the conclusion that contestants could not win the case but that he wanted time to notify his clients, appellants, who lived at Del Rio, some 300 miles away, of the true situation before entry of an adverse judgment, and he was advised that while proof would be submitted and judgment taken on that day, November 23rd, it would not be entered until November 27th. Mr. Collins then wrote the appellants as follows: "My Dear Friends: Recently, it has developed that sometime about two years before the death of Mr. Rhoden, he had a will drawn by Senator V. A. Collins of Livingston, Texas, who was a long time acquaintance of Mr. Rhoden's in which will he devised to his daughter, Mrs. Lonie Young, all of his estate. This will was witnessed by V. A. Collins and Warren K. Collins, none of whom are any relation of mine, but people who, I happen to know, are very reliable and honorable people. A deposition was taken by Messrs. Pitts and Liles, of Mr. V. A. Collins and the original will was produced in court. With this situation confronting us we would be really worse off if we broke the last will than we would if we permitted the last will to stand for that Mrs. Rhoden would be denied the $1,000.00 which is awarded her in the last will. Realizing the insurmountable difficulties that confronted me, I reached the conclusion that I could be of no service to you further, in this matter, and that it would be utterly impossible to finally win the case for you people. This development was quite disappointing and surprising to me because I had never heard it intimated that Mr. Rhoden had made a prior will. Both wills might have been good. Frankly, I believe that the last will might have been broken, but it was a hard case and if we had succeeded in breaking the last will, they would have offered the old for probate and I do not believe we could have succeeded in breaking it. I talked to Mr. V. A. Collins who drew the old will and he stated that Mr. Rhoden was in sound mind and thoroughly capable of making a will at that time. It would cost considerable money to contest the two wills and I concluded that since we were up against an impossible situation it would be quite foolish for you and me to spend any more time or money fighting the matter out in court. The court will enter a judgment next Saturday admitting the last will to probate. The court wanted to do so Monday of this week and I persuaded him to

wait until the last of the week so I could inform you people of the true situation that confronts us. I deeply regret that the matter developed in such a way that I could not be of real service to you people. I deeply appreciate the fact that you referred this matter to me, and at the beginning of the contest, I felt quite hopeful that I would be able to be of some service to you until this recent development came about. With kind personal regards and best wishes to each of you, I am, yours very truly, Law Offices of J. J. Collins, by J. J. Collins."

The above letter was received by appellants on November 27th. They came to Houston, Texas, on December 4th, and on that day employed the counsel who now represent them in this proceeding. On that same day, December 4th, 1937, in company with one of their newly employed attorneys, Mr. Abe Gollob, they went to Conroe and there conferred with Judge Browder, the judge of the Ninth District Court, in which judgment had been entered, and at that time discussed with Judge Browder the matter of filing a motion for new trial. The term at which the judgment had been entered was still open and did not close until December 18, 1937. No motion for new trial was filed, or other steps taken to vacate the judgment, until this bill of review was filed February 5, 1938. In their bill they attempted to excuse their failure to file a motion for new trial on the ground that their newly employed counsel were wholly unfamiliar with the case; that they were delayed in obtaining the record from their former counsel, Hon. J. J. Collins, and that it was necessary to make extensive investigation by examining the file, interviewing witnesses, etc., before they were in position to attack the judgment. They plead also a meritorious cause of action against the will in that as they alleged it was obtained by duress and fraud. The present proceeding was tried to a jury and evidence concerning the various matters raised by the bill was fully developed. At the conclusion of the evidence the trial judge instructed a verdict for the respondents, and this appeal is from that judgment.

### Opinion.

From the above statement it is clear that this record does not present a case where counsel withdrew without notice to his clients and suffered judgment to be taken against them. On the contrary, there is nothing in the record to suggest that Mr. Collins did not faithfully and ably represent appellants in the matter of contesting the will. As reflected by his letter, he simply reached the conclusion that the contestants had nothing to gain by further resisting the probate of the will. He notified appellants of his conclusions, explained the situation to them, and advised them of the entry of the judgment probating the will. In view of our holding below, it is not necessary for us to determine whether appellants, in support of their bill, raised an issue of a meritorious cause of action, but we will say, after carefully reviewing the statement of facts, that in our judgment Mr. Collins was fully justified in reaching his conclusion that appellants had nothing to gain by further contesting probate of the will.

It is our conclusion that appellants wholly failed by pleading and evidence to excuse their failure to file motion for a new trial after entry of the judgment which it is sought to review, and that as a consequence the action of the trial court in instructing the verdict against appellants was correct and must be affirmed. It appears without dispute that appellants knew of the entry of the judgment on November 27, 1937, and, in company with one of their newly employed attorneys, went to Conroe and discussed it with the trial judge on December 4, 1937, fourteen days before the close of the term at which the judgment was entered, and that they failed to file any motion for new trial. Under these facts their failure to file a motion for new trial was fatal to their right to set aside the judgment on bill of review. Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Moore v. Moore, Tex.Civ.App., 259 S.W. 322; Home Benefit Ass'n of Henderson County v. Boswell, Tex.Civ.App., 268 S.W. 979; Hollis v. Seibold, Tex.Civ.App., 23 S.W.2d 811; Lindsey v. Dougherty, Tex.Civ.App., 60 S.W.2d 300; Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Stewart v. Byrne, Tex.Com.App., 42 S.W.2d 234.

The above authorities, and many others which might be cited, settle the proposition, that when a judgment has been legally entered by a court of competent jurisdiction, in order to set it aside on bill of review filed after expiration of the term at which it was entered, the party complaining must not only show a meritori-

ous case on the merits, and that he was deprived of his privilege of making a contest through no fault of his own, but he must show also that he was not negligent in failing to avail himself of any legal rights for review existing at the time he learned of the entry of the judgment against him. A bill of review invokes the equity powers of the court and equity aids the diligent.

In the case before us appellants were not even deprived of their right to contest the original case. On the contrary they were represented by counsel of their selection at the time the judgment was entered and prior thereto in the county and district courts. In effect they attempt in this proceeding to excuse failure to file a motion for new trial, by contending that they had a right, after their counsel had suffered judgment to be entered against them, to employ other counsel and enter upon an extensive investigation for the purpose of determining whether or not any grounds for attacking the judgment could be found. They had their day in court, and they may not now attack the judgment by bill of review.

Judgment affirmed.