**AMERICAN RED CROSS v. LONGLEY
et al.**

**No. 14419.**

Court of Civil Appeals of Texas.
Fort Worth, Texas.

Oct. 2, 1942.

Rehearing Denied Nov. 6, 1942.

234

Cantey, Hanger, McMahon, McKnight & Johnson and Carlisle Cravens, all of Fort Worth, and H. J. Hughes, of Washington, D. C., for appellant.

J. R. Wilson and Carrigan, Hoffman & Carrigan, all of Wichita Falls, James W. Harvey, of Archer City, and Kilgore & Rogers, Bullington, Humphrey & Humphrey, and Frank Ikard, all of Wichita Falls, for appellees.

SPEER, Justice.

This is an action by appellant American Red Cross, a corporation by virtue of an Act of Congress of the United States of America, against appellees Effie Longley and more than forty other defendants seeking the equitable Bill of Review to an action instituted by Effie Longley against the Independent Executors of the estate of J. T. Longley, deceased, Cause No. 3621 in the District Court of Archer County, Texas, in which cause all parties to this action were before the court.

Previous events leading up to the instant case appear to be: That for many years prior to 1936, J. T. Longley and Effie Longley had been husband and wife. The wife procured a divorce by order of the Archer County District Court, on February 18, 1936; a previous property settlement between them was made and the court's order approved same and divided the community property between them, accordingly.

J. T. Longley died in Archer County on December 5, 1938, leaving a will in which he named G. B. Purcell and Dr. T. C. McCurdy as independent executors. The will was probated and the executors qualified. The probate of the will was contested by many of the defendants and appellees in this case, not including Effie Longley, the executors, and certain other beneficiaries under the will.

Appellant, American Red Cross, Buckner Orphans Home and Scottish Rite Hospital for Children, being beneficiaries under the will, did not join in the contest but resisted it, and all were represented by Hon. A. H. Carrigan, of Wichita Falls. The contest was denied by the Probate Court, by judgment of March 8, 1939.

On March 30, 1939, Effie Longley filed suit in Cause No. 3621 against the executors and all the beneficiaries named in the will, seeking to set aside the decree rendered in the divorce proceeding, wherein the community property was purported to be divided, charging that her husband, J. T. Longley (then deceased), had defrauded her in the agreed division, in that he had not disclosed to her all of their property.

In that suit, Effie Longley also sought to set aside a purported gift made by J. T. Longley shortly before his death of a hospital to Archer County; that in the purchase of the hospital at the instance of Dr. McCurdy, Longley was persuaded to cash certain Government Bonds which in fact belonged to the community estate and which were not divided in the former divorce decree and in which she sought to recover her community estate. There were, apparently, charges made in that suit, claiming J. T. Longley was not of sound mind when he caused the bonds to be cashed, purchased the hospital and gave it to Archer County. All allegations made by Effie Longley in the case referred to as being No. 3621, were denied and contested by appellant American Red Cross, the Orphans' Home and the Scottish Rite Hospital, they being represented at said trial by the Hon. A. H. Carrigan and his firm.

The record before us does not disclose the pleadings filed by any of the parties but the judgment entered in Cause No. 3621 is attached to and made a part of appellant's petition for Bill of Review. What we have said about the matters preceding the instant case is taken from the briefs and the judgment. Likewise a transcript of the testimony, including what purports to be stipulations of facts by the attorneys, are copied and made a part of the petition. The judgment recites the appearance and announcement of ready by all parties, including appellant. It further recites: "* * * and a jury being waived, the pleadings, evidence and arguments of counsel were submitted to the court, and with reference to same, the court makes the following findings: * * *."

In the main the findings consisted of such things as that Effie Longley was mentally incapable of looking after her interest in the suit and a next friend was appointed for that purpose; that Effie Longley and J. T. Longley had been previously married for many years and were divorced as above mentioned by us; that a purported property settlement had been made and judgment entered in the divorce case agreeable

to the settlement; that there were no surviving children born to the union; that a large portion of the community property was not divided in the former decree; the court further found that J. T. Longley had in his possession at the time of the divorce decree, belonging to the community estate, three items of personal property, to-wit: approximately $11,000 in cash, notes of the value of $12,000, livestock worth $8,000, and other personal effects worth $500. No division of the above items appears to have been made; the judgment describes the property which she received in the division. Court found she had been defrauded by her husband in the division; that the purported settlement was unfair to her and that she was entitled to recover against the estate, the executors and the other named defendants. The judgment quotes the third paragraph of J. T. Longley's will, in which appellant here was to receive a contingent remainder interest. The paragraph referred to provided in perfect detail, in effect, that the executors should hold eight of the $1,000 Government bonds in trust for a period of twelve years, at which time, if Effie Longley was living and unmarried, she should be paid therefrom $50 per month so long as she lived and remained unmarried. It further provided that if Mrs. Longley died or remarried before the expiration of twelve years after testator's death, or if after the executors began paying her the $50 per month, she died or married before the fund was exhausted, the whole amount in the first instance, and the amount remaining, in the second instance, should be paid by the executors to appellant American Red Cross. A further finding was made by the court that paragraph three of the will above referred to was the only legacy in the will to Effie Longley, and that since J. T. Longley disposed of the bonds during his lifetime, the legacy so made was repudiated by the testator and it lapsed to his estate. There were further findings that testator caused the bonds to be cashed, purchased the hospital with those and other funds, and gave it to Archer County, and that he was of sound mind when he did so. There is a further finding that the next friend of Mrs. Longley had submitted a proposition of settlement of her rights in the premises, fully set out in the judgment, which in effect was that her claims would be satisfied with a conveyance to her by the executors of certain described real estate then held by them

as property of the estate. In this connection the judgment recites: " * * *" which offer the court deems to be fair and reasonable to all parties to this suit, and the court after hearing the evidence in said cause finds that it is fair and equitable, and is in accordance with this judgment". The judgment further awards to Mrs. Longley title to the real estate designated as being satisfactory in lieu of all relief sought, and all other relief asked by any party to the suit was denied. There are many other findings and conclusions set out in the judgment which we deem unnecessary to mention. The document covers seven single spaced typewritten pages in the transcript.

No objections or exceptions to the judgment as entered were made by any party, and no appeal was attempted to be perfected therefrom. No motion for new trial was made. Under the law applicable at that time, in the absence of motion for new trial, the judgment became final thirty days after its rendition on December 3, 1940.

Appellant, American Red Cross, filed its petition for Bill of Review on March 14, 1941, and filed its amended petition, upon which the hearing was had, on November 18, 1941. The amended pleading with exhibits attached consists of 38 single spaced typewritten pages in the transcript; but in view of the nature of this proceeding it would have been difficult to abbreviate the pleading.

Appellees (defendants below) filed special exceptions to appellant's amended petition. The exceptions were numbered 1-a to 1-k, and all intervening letters inclusive. The special exceptions are lengthy in that most of them assert in some form or other parts of the appellant's petition which are claimed to affirmatively show facts which would preclude appellant from obtaining the equitable relief sought The trial court sustained all of said special exceptions, and appellant declining to amend, the action was dismissed. From the order of dismissal this appeal was perfected.

Obviously it will be impossible to thoroughly discuss the pleadings and exceptions presented here without unnecessarily extending this opinion. Suffice it to say, that as we interpret the petition for Bill of Review, an effort was made to review the proceedings had in Cause No. 3621 above referred to, principally upon the grounds: (1) The trial court was without authority

of law to declare the plaintiff, Mrs. Longley, was without mental capacity to prosecute the suit and to appoint a next friend for that purpose. (2) Counsel representing appellant had previously submitted to it a proposition made by Mrs. Longley, substantially as was subsequently found by the court to be fair and equitable, and that its attorney in Cause No. 3621 had been advised not to accept it. (3) That the judgment finally entered on December 3, 1940, was an agreed judgment entered into by its counsel without the knowledge or consent of and against the positive instructions of appellant. (4) Appellant did not know the facts surrounding the entry of the judgment in time to file a motion for new trial nor to perfect an appeal therefrom. And (5) the appellant was deprived of substantial rights by the terms of the judgment.

The substance of the special exceptions made by appellees to the petition for Bill of Review, which we think controlling here, was that the pleadings of appellant affirmatively showed the judgment attacked was entered in open court on the date set by the court for hearing; that appellant was represented by counsel of its own choosing who appeared, answered and participated in the trial; that all matters alleged by appellant as grounds for review were such as could properly have been raised by motion for new trial; that appellant had actual knowledge, through its General Counsel in Washington, D. C., that the judgment had been rendered and had a copy thereof in ample time to have filed a motion for new trial and if overruled to perfect an appeal therefrom; that no motion for new trial was filed and that no appeal was perfected by appellant; that there were no allegations made that appellant's counsel was guilty of any fraud or deceit toward it in the matters and things upon which it seeks the Bill of Review and that there are no allegations that appellees were guilty of any such acts of fraud, deceit or other conduct by which appellant was misled to its hurt without fault or negligence on its part.

[1, 2] By adequate points presented, appellant attacks the action of the court in sustaining the special exceptions, and attacks the judgment in cause No. 3621 on the ground that the court was without jurisdiction to appoint a next friend for Mrs. Longley in said cause to look after her interest, based upon the theory that Mrs. Longley was mentally incompetent to attend to and prosecute her said suit. The pleadings in that case are not before us. The petition in this cause discloses that defendant was represented by counsel at the hearing in cause No. 3621, but the nature of its defense is not disclosed nor does it appear that it made any objections to the appointment of the next friend at the time the order was entered. We can only assume what was pleaded from the judgment entered. We are not warranted in assuming that the court entered a judgment without pleadings to support it, absent a showing in the record that such was done. The contention of appellant was determined adversely to it in Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750.

■ By separate points, appellant challenges the action of the court in sustaining each of the special exceptions urged by appellees. We have carefully read and reread appellant's petition and it appears to us that it does affirmatively allege in effect that the judgment was entered at a regular hearing by the court. This is evidenced by a copy of the judgment attached to and made a part of the petition. That it was represented at the trial by counsel but the nature of the defense made by its counsel is not disclosed; whether it urged the matters set up here in the Bill of Review we do not know. If it did not present its defense at that time it will not be heard to complain now of matters that could have been presented then.

This brings us to the factor which we think is controlling here; that is, the petition discloses that appellant had a copy of the judgment of which it now complains, sent by its counsel and received by it on December 9, 1940, six days after its rendition. By that judgment appellant must have known that the bonds in which it claimed a contingent remainder interest under the will were declared to have been disposed of by the testator in his lifetime and by that act the legacy was revoked, and that the settlement made by the executors, with Mrs. Longley, under order of the court, for her claim against the estate, took away from the estate certain real estate, in which but for the indebtedness owing by the estate to Mrs. Longley, appellant would have had an undivided one-third interest, under the residuary clause of the will of Mr. Longley.

■ It is elemental that beneficiaries under a will take only subject to the debts

of the testator. As above stated, no motion for new trial was made, although there was sufficient time to do so after appellant had full notice of the provisions of the judgment; if it had filed its motion for new trial and it had been overruled, its rights could, and perhaps would, have been protected by perfecting an appeal. To say the least, it had an opportunity to have the judgment reviewed in a manner prescribed by law.

A careful reading of the judgment pleaded by appellant will disclose that it was not an agreed or consent judgment as contended by appellant, but was entered after hearing the pleadings of the parties and the evidence offered. From the findings by the court these were sufficient to support the decree entered.

In Donovan v. Young, Tex.Civ. App., 127 S.W.2d 517, writ refused, the well settled rules in such cases as this were reviewed, holding that in cases where equity is sought, equity will aid the diligent; the Bill of Review invokes the equity powers of the court; that the bill must show a meritorious case on the merits and that the complaining party was deprived of the privilege of asserting his rights without fault or negligence by him, and must show the absence of negligence by him in not asserting his rights when a legal opportunity was given him to do so. In the case last cited, the complaining party had full knowledge of the nature of the judgment entered in time to have filed a motion for new trial; having failed to pursue that remedy, the Bill of Review filed thereafter was denied. There are numerous authorities cited by the court in support of the rule announced.

In Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962, it was held that in a Bill of Review plaintiff must bring himself strictly within the rules governing such equitable relief; that plaintiff in such cases is charged, as a matter of law, with what he knew or might have known during the term of court at which the judgment was entered, by the exercise of reasonable diligence. It was further announced in that case that to entitle one to the equitable relief by Bill of Review, he must plead facts sufficient to establish that he had a good defense, which by fraud, accident or his adversary's wrong, without negligence of his own, he was prevented from making.

Crouch v. McGaw, District Judge, 134 Tex. 633, 138 S.W.2d 94, was an action for writ of prohibition to restrain one party from relitigating matters previously determined by the Supreme Court. Many of the principles involved in the equitable Bill of Review are discussed and a lengthy line of decisions is cited in support of the rules announced in cases to which we have referred in this discussion. In the cited case, the further general rule is announced to the effect that to obtain the equitable relief sought it must be made to appear that more than an injustice has been done to the complaining party. We think such a rule timely for, indeed, it is quite perceivable that a trial may result in a miscarriage of justice, yet many times nothing can be done about it after the aggrieved one has not availed himself of his legal remedies.

The petition in the instant case does not come entirely within the rules announced by us, as found in the cited cases. The theory advanced here is, in some respects, unique, as compared to the adjudicated cases. The affirmative allegations found in the petition, to our minds, clearly preclude recovery by appellant under the conditions which we have discussed. As we gather from the petition and contentions advanced in appellant's brief, it is here earnestly contended that, although it was represented by counsel at the trial and that its counsel was fully aware of all that took place when the case was tried and the next day after judgment was entered, sent to appellant's General Counsel at Washington, D. C., a copy of the judgment, and that it was received by General Counsel on December 9, 1940 (six days after rendition), and although its General Counsel had full knowledge of the contents of the judgment at that time, yet neither the appellant nor its General Counsel knew or had the means of knowing the nature of the testimony offered at the trial. But that after employing other counsel, an investigation was made and it then ascertained for the first time that the judgment was entered by agreement of its local counsel to stipulations of facts which appellant had instructed its local counsel that it would not agree to. That such agreements made by its local counsel were without appellant's consent and against its instructions previously given and allegations were further made on information and belief that all parties to the case knew that its

counsel had no authority to so agree to the entry of such judgment.

 As we read and understand the stipulations referred to (made a part of the petition) they were in substance that at the time of the divorce proceedings, J. T. Longley had in his possession belonging to the community, certain itemized articles of property of the value of over $33,000; that this property was not included in the division. That shortly before the death of J. T. Longley he had in Government Bonds $30,000 (maturity value) worth at the time $24,000. That Longley authorized a bank to cash those bonds and from the proceeds thereof he purchased the hospital and gave it to Archer County. That if two named doctors were present they would testify that Longley was of sound mind when the transactions were had, and that he in fact was of sound mind at the time; that the bonds so cashed and expended for the hospital included the eight $1,000 bonds out of which the legacy to Mrs. Longley was to come at the expiration of twelve years, and that because of said transactions the legacy was revoked and lapsed. The transcript of testimony offered at the trial in cause No. 3621 (made a part of appellant's petition) shows that the land awarded to Mrs. Longley by that judgment was of the approximate value of what her interest would have been in the personal property concealed from her at the time of the division order in the divorce case. Independent of the stipulations, there was testimony offered to the effect that Longley had approximately $10,000 in cash on hand at the time, approximately $15,000 in notes and about $8,000 worth of livestock, and that these items were not divided between the Longleys at the divorce trial. As before stated, the judgment recites that the pleadings and evidence adduced were heard by the court and judgment entered thereon. As we view the record, the stipulation complained of by appellant adds nothing material to this case, aside from the actual testimony of witnesses, other than that J. T. Longley was of sound mind at the time of the bond and hospital transactions and that the legacy to Mrs. Longley in the bonds had been revoked and lapsed. It is not uncommon for counsel in legitimate representation of his client to agree that if a witness was present he would testify to a given state of facts. Under the conditions surrounding this trial we could easily imagine that the attorneys had heard the two named physicians testify as was stipulated, during the will contest case. This suggestion is made as a fact in appellees' brief, although not shown in the record. Absent any testimony to the contrary, the court would have been warranted in finding as he did, that Longley was sane when the transactions took place, without the additional stipulation to that effect. No testimony was offered to the contrary. Likewise, we conclude that it does not necessarily follow, as contended by appellant, that judgment in cause No. 3621 was entered on stipulated facts. The court could properly have found from the testimony that Longley was sane when the bond and hospital transactions were had. If this be true, then the disposition by the testator of the bonds in which Mrs. Longley's legacy and the conditional gift therein to appellant was revoked and lapsed as a matter of law and the stipulation to that effect was unnecessary to support the judgment.

We see no error in the action of the court in sustaining the special exceptions and in dismissing the case, upon appellant's failure to amend. The judgment should be affirmed and we so order it.