**PULS v. CLARK.**

No. 5761.

Court of Civil Appeals of Texas. Amarillo.

Jan. 20, 1947.

Rehearing Denied Feb. 24, 1947.

R. T. Correll, of Perryton, Hoover, Hoover & Cussen, of Canadian, and Sanders, Scott, Saunders & Smith, of Amarillo, for appellant.

Boyer, McConnell & Hankins, of Perryton, for appellee.

PITTS, Chief Justice.

This is a suit in equity filed by appellant, Ed Puls, on June 20, 1946, against appellee, Earl A. Clark, seeking to set aside a tax judgment rendered by default on March 30, 1943.

The merits of this case have been presented to this Court twice before as reported in Clark v. Puls, Tex.Civ.App., 192 S.W.2d 905 and Clark v. Ewing, District Judge, in Tex.Civ.App., 196 S.W.2d 53, to which cases we refer for a more complete statement of the case.

Briefly stated, however, the City of Booker, a municipal corporation of Lipscomb County, instituted a suit on July 8, 1942, against appellant herein, Ed Puls, for delinquent taxes for each year from 1930 to 1940, both inclusive, and impleaded all the other interested taxing units; service was had on Puls on July 22, 1942, but he failed to answer or to attend the trial when judgment was rendered against him by default for a total sum of $3541.23 as delinquent taxes against certain real estate owned by him and described as Outlots one, two, eight, and nine situated in the City of Booker, containing 93.72 acres and occupied by Puls and his family as a homestead, the said sum likewise included penalty, interest, and attorney fees. An order of sale was issued on May 6, 1943, directing the sheriff of Lipscomb County to sell the said land within sixty days to satisfy the tax judgment. Notice of sale was given and the said land was sold by the sheriff at public sale on June 1, 1943, to appellee, Earl A. Clark, for the sum of $3600, and a sheriff's deed was executed conveying the land to the said Clark. The said tax suit bore the number of 864 in the trial court.

On March 16, 1945, Cynthia M. Puls, joined by her husband Ed Puls, appellant herein, filed cause number 916 in the trial court admitting that the tax judgment in cause number 864 was rendered by default on March 30, 1943, against the said Ed Puls but they attacked the said judgment and charged that it was void because of certain irregularities in the proceedings had

in the trial court and because the said judgment ordered the sale of the homestead of Cynthia M. Puls without having made her a party to the said suit. In cause number 916 they prayed for a judgment vacating and setting aside the sheriff's sale in cause number 864, for cancellation of the sheriff's deed, and for annulment of the purported lien against the said land by reason of the tax judgment rendered in said cause and they asked that the same be declared void and of no force and effect as against the said land. Appellee Clark joined issues with Cynthia M. Puls and her husband Ed Puls in cause number 916 but Cynthia M. Puls and Ed Puls prevailed in the trial court in that suit. The trial court's judgment in the said cause number 916 ordered, adjudged and decreed that the sheriff's sale and the sheriff's deed conveying the land in question to Earl Clark, appellee herein, by order of the court in cause number 864 be "vacated, set aside, annulled and held for naught" and the record of the said deed was ordered cancelled, annulled and held of no further force and effect; the cloud cast upon plaintiffs' title to the said land was ordered removed and quieted and all rights, title and interest in the said land claimed by Earl Clark were divested out of him and invested in the plaintiffs. In effect, the trial court granted all the relief in cause number 916 that appellant has prayed for in this cause, and even more. Earl A. Clark perfected an appeal to this Court. After a careful consideration of the merits of the case by this Court, the judgment of the trial court was reversed and judgment was rendered for Earl A. Clark as the same is reported in Tex.Civ. App., 192 S.W.2d 905. An application for a writ of error was presented to the Supreme Court which declined to disturb the judgment rendered by this Court and the same became final.

On June 20, 1946, before a writ of possession was executed, Ed Puls and wife filed this suit number 932 in the trial court and presented a verified petition to the Honorable W. R. Ewing, the trial judge, asking for injunctive relief, which resulted in an application being made by Earl A. Clark to this Court for a writ of prohibition which writ was granted by this Court only in so far as it was necessary to protect its jurisdiction and the enforcement of its judgment as the same is reported in Tex.Civ.App., 196 S.W.2d 53.

Appellant went to trial in this case on his second amended original petition which eliminated Cynthia M. Puls as a party plaintiff and which affirmed title to the land in appellee, Earl A. Clark, under the judgment in the tax suit in cause number 864. In the instant suit appellant seeks to set aside the judgment rendered in cause number 864 as well as the sheriff's sale and the cancellation of the sheriff's deed of conveyance of the said land.

Appellee Clark answered by setting up the judgment rendered by this Court in cause number 916 as res adjudicata of this cause number 932 by a plea in bar followed by a general denial. Appellee introduced in evidence the transcript and statement of facts in cause number 916 in support of his plea and the trial court sustained the plea in bar and dismissed cause number 932 from which judgment of dismissal an appeal has been perfected to this Court.

■ The record reveals that appellant admits he was served with citation in cause number 864 in July, 1942, before a default judgment was rendered against him on March 30, 1943. He further admits that he did not file an answer in the said suit nor did he, or anyone representing him, attend the trial. He further admits that his wife, Cynthia M. Puls, read to him from the newspaper a published notice of the sale to be held of the said land prior to the date of the sale and that he did attend the sale but did not bid on the land. The record further reveals that appellant said openly after the sale that the purchaser had bought a law suit and it appears that appellant has verily made good that threat. Nowhere does appellant attempt to excuse his lack of diligence in his failure to answer and contest the tax suit in cause number 864 or to file a motion for new trial in said cause or to perfect an appeal from the said judgment or to do anything else to protect his interests in the matter until he joined his wife in filing cause number 916 nearly two years after he had permitted a default judgment to be rendered against

him in cause number 864. He did plead in this cause that "judgment was by default, the defendant Ed Puls, plaintiff herein, having erroneously believed that arrangements had been made with counsel to represent him in said cause; and the plaintiff having failed to notify him of the setting of said cause for trial." Any misunderstanding he may have had with an attorney about representing him or the failure of the plaintiff to notify him of the setting of the case does not show diligence on his part under the law and does not excuse him of negligence. In the instant case he does not allege fraud, accident, or mistake nor does he charge that any wrong on the part of anybody prevented him from being heard or from making a defense in cause number 864 except that he alleged that plaintiff failed to notify him of the setting of the case, yet he had not filed an answer in the suit. It seems that he relies solely on alleged irregularities in the judgment and sheriff's sale in cause number 864 and on a plea of misconception of remedy by appellant in filing cause number 916 in order to prevail in this suit in equity to set aside the judgment in cause number 864. The record does not reflect that appellant filed any supplemental pleading in reply to appellee's plea of res adjudicata. We therefore have failed to find any plea of misconceived remedy in the transcript. It is found for the first time in appellant's brief. It is therefore presumed that the trial court did not have the benefit of a plea of misconception of remedy by appellant.

A subsequent action seeking relief from a final judgment previously rendered by a court of competent jurisdiction is carefully observed by courts of equity and grounds for disturbing such final judgments are restricted. The complaining party must show even more than that an injustice has probably been done. He must also show that diligence has been exercised on his part, that he has a meritorious defense to the cause of action and that the previous judgment was entered against him without any fault or negligence on his part. Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963; Donovan v. Young, Tex.Civ.App., 127 S.W.2d 517; American Red Cross v. Longley, Tex.Civ.App., 165 S.W.2d 233.

An equitable proceeding to set aside a former judgment cannot be substituted for an appeal from a former judgment that was available to the losing party in the former judgment. Union Bank & Trust Co. of Fort Worth v. Smith, Tex.Civ.App., 166 S.W.2d 928; Sugg v. Sugg, Tex.Civ.App., 152 S.W.2d 446; Smith v. Rogers, Tex. Civ.App., 129 S.W.2d 776.

It is incumbent upon one who seeks, by an independent proceeding, to set aside a judgment by default to show a good excuse for not answering and for not making his defense or for not appearing at the trial. Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962 and Hicks v. Wallis Lumber Co., Tex.Civ.App., 137 S.W.2d 93. When one seeks to set aside a default judgment he must show that he had a meritorious defense to the suit, that there was no lack of diligence on his part in permitting the default and that a failure to answer and defend in time was not the result of his negligence. Paggi v. Rose Mfg. Co., Tex.Civ.App., 285 S.W. 852; Peters v. Hubb Diggs Co., Tex.Civ.App., 35 S.W.2d 449.

Equity will not vacate a judgment where there is no showing that the failure of the party or his attorney to attend the trial was due to accident or mistake or to fraud practiced by his adversary; nor is a party's mistaken belief that he employed counsel to take care of his case a sufficient ground to vacate a default judgment when there is no showing that such belief was justified. Maytag Southwestern Co. v. Thornton, Tex.Civ.App., 20 S.W.2d 383; Kahl v. Porter, Tex.Civ.App., 296 S.W. 324; Ames Iron Works v. Chinn, 20 Tex.Civ.App. 382, 49 S.W. 665.

It is not sufficient that a petitioner for equitable relief from a former judgment rendered against him plead and prove that he had a meritorious defense in the first instance. He must also show diligence on his part and he must be reasonably prompt in seeking his remedy. Relief will be denied him in such a case if he has been

guilty of negligence in protecting his rights. Thomas v. Mullins, Tex.Civ.App., 175 S.W.2d 276; Williams v. Coleman-Fulton Pasture Co., Tex.Civ.App., 157 S.W.2d 995; Garcia v. Jones, Tex.Civ.App., 155 S.W.2d 571; Brannon v. City of Houston, Tex.Civ.App., 153 S.W.2d 676.

■ A party will be denied equitable relief to set aside a former judgment unless he has employed all reasonable means to avert an adverse judgment and has promptly taken proper steps to vacate the said judgment. He is not entitled to equitable relief until he has exhausted his legal remedies and sought to correct any and all errors made by the trial court on appeal, by writ of error or certiorari. Stewart v. Byrne, Tex.Com.App., 42 S.W.2d 234; Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280.

■ A suit in equity to vacate a former judgment usually relates to matters incident to the trial in the lower court which prevented a party defendant from making a valid defense on the trial. Irregularities in the proceedings in the lower court as a result of which the judgment assailed was rendered are not equitable grounds for setting aside a judgment unless the jurisdiction or power of the court is challenged. Errors because of such irregularities can and should be corrected on appeal. Suits in equity will not permit such relief to be obtained. Metropolitan Life Insurance Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332; Smith v. Rogers, Tex.Civ.App., 129 S.W.2d 776; Union Bank & Trust Co. of Fort Worth v. Smith, Tex.Civ.App., 166 S.W.2d 928.

At no time did appellant seek to redeem the land in the manner provided for in Art. 7283, Vernon's Annotated Civil Statutes. As we understand appellant's position he is seeking in this case to set aside a former judgment and have another chance to recover his homestead that had been sold under a foreclosure suit for taxes in cause number 864. He alleges the land in question was occupied by his family as a homestead, tenders enough money to reimburse appellee for any money he has spent on the land and further alleges certain defects and irregularities in the proceedings had in the trial court in cause number 864. In his prayer in the case at bar he asked for a decree setting aside the judgment and sale in cause number 864 and cancelling the sheriff's deed.

In cause number 916 appellant and his wife sought also to recover their homestead sold as a result of the tax judgment in cause number 864. In that suit they alleged the land in question was occupied by them as a homestead and they further alleged irregularities in the proceedings had in the trial court in cause number 864 such as made the judgment in the said cause void. They pleaded that Clark was not an innocent purchaser but offered to reimburse him if the court found they should do so. There they prayed for judgment vacating and setting aside the sale, cancelling the sheriff's deed, and for annulment of the purported lien, all of which meant in effect a prayer for the cancellation of the judgment in cause number 864.

Appellant alleges more irregularities in cause number 932 than he and his wife did in cause number 916; he gives some new and different reasons for granting relief in the latter suit; he has employed a little different form in the latter suit that that employed in the former suit; but the grievances and wrongs complained of are substantially the same in both suits, the same issues were tendered in both suits, the cause of action in the latter suit is the same as that in cause number 916 and it is evident that appellant would have to rely substantially on the same evidence to support his cause of action in cause number 932 as was heard in cause number 916.

■ A litigant is not entitled to have a second trial of issues that were determined in a former suit merely because in the second suit he seeks other relief and may have even a different purpose. McGrady v. Monks, 1 Tex.Civ.App. 611, 20 S.W 959; Cook v. Wilmeth, Tex.Civ.App., 166 S.W.2d 359. So long as the grievances or wrongs complained of are in legal effect the same, the cause of action is the same and the judgment in the first suit stands as a bar to further examination of the matter. Galbreath v. Farrell, Tex.Civ.App., 275 S.W. 238; Huggins v. Texas & N. O.

R. Co., Tex.Civ.App., 43 S.W.2d 655; 26 Tex.Jur. 114, Sec. 409. The mere fact that the form of the proceedings of the second suit is different from that employed in the first suit will not prevent the prior judgment from operating as a bar to the latter judgment. Grayson County Nat. Bank v. Wandelohr, 105 Tex. 226, 146 S.W. 1186; Hunt v. Burrage, Tex.Civ.App., 163 S.W.2d 218. New and different reasons for granting the relief sought in the second suit will not change the situation if the cause of action is the same as that in the former suit. The merit of the suit depends upon the identity of the cause of action or defense in issue and not upon the similarity of points or grounds urged or the lack of similarity of such points or grounds. Girardin v. Dean, 49 Tex. 243.

Appellant relies for support of his contention on the case of Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596, but we find many distinctions between that case and the instant case. In the Snowball case the parties seeking equitable relief had not been served with citation in the original suit, had no notice of the sale and knew nothing about the sale for some time after it occurred. Therefore they had no opportunity to protect their interests in the original suit. In the Snowball case the first suit filed by the complaining parties was a trespass to try title suit and they made no attack in that suit on the sale made as a result of the judgment in the original suit while the subsequent suit filed by them was a suit in equity to set aside the judgment in the original suit. In the subsequent suit they did attack both the judgment in the original suit and the sale as a result of such judgment. Different evidence was necessary to support the two actions. In the Snowball case the Supreme Court held that the former cause of action filed by them was different from the subsequent cause of action, that the matters set up in the subsequent action could not have been litigated in the former action; that the complaining parties were mistaken in their remedy asserted as a cause of action in the former suit and in fact they asserted a cause of action in the former suit that they did not really have while in the subsequent suit they asserted a cause of action they did have. Judgment was rendered against the complaining parties in the former suit. They had a misconception of remedy in the first suit they filed and the judgment in that suit was not based on the real cause of action they had. Therefore the judgment in the former suit was not a bar to the judgment obtained by the complaining parties in the subsequent suit and the plea of res adjudicata was properly overruled in the Snowball case. The facts and existing circumstances in that case were different from those in the instant case.

 It is our opinion that appellant has not shown such diligence as would entitle him to the equitable relief sought in the instant case, that there was no misconception of remedy by appellant in cause number 916, that the cause of action alleged in cause number 932 is the same as that heard in cause number 916 in which a final judgment was rendered and that the trial court properly sustained appellee's plea in bar and properly dismissed the case.

Appellant's points of error are therefore overruled and the judgment of the trial court is affirmed.