**HIPP et al. v. DONALD et al.**
No. 15020.

Court of Civil Appeals of Texas.
. Fort Worth.
April 1, 1949.

Rehearing Denied May 6, 1949.

Boyd Barjenbruch and T. H. Yarbrough, both of Bowie, for appellant.

Donald & Donald and J. M. Donald, all of Bowie, for appellee.

SPEER, Justice.

This is a trespass to try title suit instituted by Paul Donald and J. M. Donald, and J. W. Cummings and wife against A. S. Hoffman and wife; the First National Bank of Childress, Texas; Mrs. Alton W. Hipp and husband, Ben Hipp, to recover and quiet title to 96⅓ acres of described land in Montague County, Texas. Plaintiffs' claims are that the Donalds above named own the mineral rights in the land and that the Cummings own the surface rights.

Subsequent to the filing of this suit all matters claimed against the defendants, the Hoffmans and the Childress bank, were settled and those defendants have gone out of the case. This leaves Mrs. Alton W. Hipp and her husband as the sole defendants. These two defendants resisted plaintiffs' suit only as to an undivided one-sixth interest in the mineral rights in the land. It follows that plaintiffs, the Cummings, owners of the surface right, had no adversary in the trial and the contest lay between the Donalds as plaintiffs and the Hipps as defendants as to the mineral rights only.

A trial to the court resulted in judgment. for the Donalds and the Hipps have appealed on ten points of assigned error. The points relied upon present in different forms assigned reasons why the judgment was wrong.

For sake of brevity we shall refer to defendants, Mrs. Alton W. Hipp and husband, Ben Hipp, as appellants, and to plaintiffs, Paul Donald and J. M. Donald as appellees.

In the interest of clarity we deem it advisable to note some of the background of the controversy and to make explanations of the identity of the parties defendant.

Mrs. Alton W. Hipp was prior to her marriage Alton Willie Booth, and in 1917 she married W. W. Pritchard and prior to the date of this trial she was married to Ben Hipp.

In 1909 W. W. Booth purchased the land in controversy and executed a series of vendor's lien notes as part of the purchase money. By mesne transfers Robert Meyer acquired the notes. W. W. Booth died intestate in 1920; his survivors were his wife, Lilla Booth and three minor daughters, namely, Alton Willie, Thelma Lee and Gladys Clyde Booth. During the latter part of 1922 Mrs. Lilla Booth, the surviving wife of W. W. Booth, deceased, was married to W. R. Massagee. On October 13, 1923 Alton W. (Booth) Pritchard and husband conveyed by warranty deed all of the undivided one-sixth interest in the land inherited by Alton W. Pritchard from her father, W. W. Booth, deceased, to her mother, then Mrs. Lilla Massagee, reserving to grantors "an undivided one-sixth (1/6th) interest in and to all of the mineral rights to the property as hereinabove described."

In cause No. 6564 in District Court of Montague County, Texas, Robert Meyer sued Lilla Massagee et vir., Thelma Lee (Booth) Baker et vir., and Gladys Clyde Booth on the original vendor's lien notes executed by W. W. Booth, and recovered judgment with a foreclosure of the lien on the whole tract of land. On April 7, 1925, the Sheriff sold the land out under execution to T. B. Vastine; that purchaser, by deed dated August 15, 1925, sold and conveyed the land to Lilla Massagee and husband, George R. Massagee, and took as a part of the purchase price a series of vendor's lien notes. Mrs. Robert Meyer, then a widow, thereafter acquired the series of notes. They became delinquent and she instituted foreclosure proceedings thereon in cause No. 7978 against Massagee and wife and Alton W. (Booth) Pritchard and her husband, W. W. Pritchard. (Alton W. Pritchard is the same person as Alton Willie Booth, who later became Alton W. Hipp, appellant here.) Plaintiff's petition in that suit refers to the substance of appellant's (Alton W. Hipp's) former conveyance to her mother and the reservation of

mineral rights which we have previously pointed out. Claims were made in the petition that any and all rights retained by her were inferior and subject to the superior rights of plaintiff (Mrs. Meyer), in that the vendor's lien existing against the land at the time the Pritchards reserved the mineral rights was later foreclosed and the land was sold to satisfy the judgment. Prayer was for judgment for debt and foreclosure of the lien and that such judgment be so entered that any interest Mrs. Alton W. Pritchard (Hipp) may have in the land should be inferior to the rights of plaintiff. The judgment entered in that case recites, among other things, that defendants (including Alton W. Pritchard and her husband) were duly served with citation but each of the defendants failed to appear and that they had not filed answers, etc., that the court heard the pleadings and evidence and that the law and facts were found to be with the plaintiff. The judgment continues by awarding plaintiff (Mrs. Meyer) recovery against all the defendants by use of much of the same language found in plaintiff's prayer.

The sheriff sold the land out as under execution and plaintiff in that suit, Mrs. Meyer, bought it in and received a sheriff's deed. Thereafter by mesne conveyances J. W. Cummings, one of plaintiffs in the instant suit, acquired the surface title and appellees (the Donalds) acquired the mineral rights. There is no controversy about these matters except as to claims in the instant case of appellants (the Hipps) of an undivided one-sixth interest in the mineral rights as set out in their conveyance to the mother, Mrs. Massagee, mentioned above. As first mentioned above, this appeal involves only title to a part of the mineral rights under the 96⅓ acres of land. Appellees, two of the plaintiffs below, claim all, while appellants, defendants below, claim a one-sixth interest.

Our excuse for making the foregoing extended statement is because of the many complications involved in the record which culminate in the single controverted issue of whether or not appellants own an undivided one-sixth interest in the mineral rights under the land. It will be noted that there are three judgments involved,

many persons mentioned who are not parties to this suit, and the various names by which Mrs. Alton W. Hipp is referred to at various times in the record.

In so far as applicable to the matters involved here, appellants (Mr. and Mrs. Hipp) answered appellees' petition with general denial, not guilty and specially that they own an undivided one-sixth interest in the minerals; and further that the judgment in cause No. 7978 (in which Mrs. Hipp was a named and served defendant) was void as to her because the court was without jurisdiction to adjudicate the rights between her and plaintiff in that case with reference to title.

The judgment from which this appeal was taken, in so far as it affects appellants and appellees before this court, awarded full title to all the mineral rights in the land to appellees and of course divested all rights claimed by appellants out of them. The judgment accurately described the 96⅓ acres of land.

Appellants' first five points complain of the trial court giving effect to the judgment in cause No. 7978 rendered in 1930; point No. 6 asserts error because the court considered the judgment in cause No. 6564 rendered in 1925; point No. 7 assigns error because the court overruled their special exceptions; point No. 8 complains because the court overruled their plea in abatement; point No. 9 is based upon asserted error in the court sustaining appellees' plea of limitation, and No. 10 contends that there was no testimony indicating that appellants had ever parted with their undivided one-sixth interest in the mineral rights.

Appellants briefed the first six points together and we shall so discuss them. The manner in which we have concluded to make disposition of this appeal, we think, will be sufficient dicussion of all points.

There was no request for findings and conclusions and none were filed; a limited number of the facts found were recited in the judgment, but none of them go to either of the points complained of in appellants' points of error. No findings of fact were recited in the judgment which indicated that the court took into consideration the

judgment in cause No. 6564 mentioned in appellants' sixth point, nor was there any finding relating to limitation, referred to in point nine. It is quite apparent that the judgment in cause No. 7978, to which judgment Mrs. Hipp was a party, purported to subject appellants' rights to those of Mrs. Meyer's, the plaintiff in that case, and it is conceded here that appellees in the instant case have acquired all of the mineral rights recovered by Mrs. Meyer in that case. The judgment in cause No. 7978 was entered in 1930, was never appealed from and became final.

Appellants contend that the judgment in cause No. 7978 was void in so far as it decreed that their claims and rights were inferior to those of plaintiff in that case. They base their contention upon the assertion that that suit was one solely for recovery of debt and foreclosure of a vendor's lien and the trial court had no authority or jurisdiction to try title of the respective parties in that case. They argue from this assumed premise that the judgment was void as to them and that they could in the instant suit attack it collaterally at any time, anywhere.

The District Court of Montague County, where all the judgments involved here were rendered, is a court of general jurisdiction, possessing potential power and jurisdiction to adjudicate all the matters here raised. That court acquired jurisdiction of appellants in cause No. 7978 and had potential jurisdiction of the subject matter involved. If there was a misjoinder of parties or of actions in that suit appellants did not raise the question but made no appearance.

A fair construction of plaintiff's petition in cause No. 7978, which petition was in evidence before us, does not necessarily mean that an attack was being made in that suit, the primary purpose of which was for debt and foreclosure of a lien, to adjudicate conflicting titles, one of which was claimed under a separate and distinct title from that sought to be foreclosed. The substance of plaintiff's petition in that case was that her lien was superior to any claims that defendant Mrs. Pritchard (now Mrs. Hipp) had and prayer was that the court so declare.

It cannot be accurately said that even an outright statutory trespass to try title suit cannot be maintained along with one pleading alternatively for foreclosure of a lien. That very question was adversely determined by this court in Wiedeman v. Investors Syndicate, Tex.Civ.App., 103 S.W. 2d 1069. In the cited case defendant sought by special exception to require plaintiff to elect upon which theory he would rely. The exception was overruled and the appellate court called it no error.

Many of the combinations of actions in such matters are discussed and distinguished in 41 Tex.Jur. 625, sec. 134 et seq., and in 1 Tex.Jur. 656, secs. 43 and 44. It seems that the rule is not so rigid, as contended for by appellants, as to render judgment in such cases void, more especially when not resisted by defendant, as was done by appellants in cause No. 7978 now under consideration.

Appellants cite and rely largely upon such cases as Richardson v. Kent, Tex.Civ. App., 21 S.W.2d 72, 74, writ refused, where the observation was made that our courts have held "that a person claiming an adverse title to that sought to be foreclosed is neither a proper nor a necessary party, since a suit to foreclose a mortgage and a suit to remove a cloud from title; against one who claims under a separate and distinct title from that sought to be foreclosed, cannot be litigated in one and the same suit." (Authorities are cited in support of the statement.) In that case suits had been filed in two different counties and an injunction was issued by one of the courts and the question before the appellate court was the injunction proceeding—a question similar to that in the celebrated case of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. Because of the real issue before the court in Richardson v. Kent, supra, that court held that it need not and did not determine the question of whether or not Richardson was a proper party or if he could have been forced to litigate his case with Kent in the latter's home county where his suit was instituted.

A careful examination of the case of Richardson v. Kent, supra, and other cases cited on the point reveals that when

the question has arisen attacks were made in the trial court before judgment, by pleas of misjoinder of parties or of actions and rulings thereon were before the appellate court for review; such matters are in a broad sense procedural as distinguished from jurisdictional. Most procedural matters may be waived while strictly jurisdictional matters cannot. The procedure applicable at the time judgment in cause No. 7978 was entered is set out in 1 Tex. Jur. 662, secs. 48 to 50 inclusive.

Another case relied upon by appellants is Hall v. Wilbarger County, Tex.Civ.App., 37 S.W.2d 1041; that case was later affirmed by the Supreme Court, 55 S.W.2d 797, in an opinion which reveals that a condemnation proceeding was had to procure right-of-way for a State highway and that under statutes setting up a highway system the county as such could not prosecute a condemnation proceeding for its own use and benefit for highway purposes but that it must be in the name of and for the benefit of the State. The case has no bearing on the question before us unless it could be said that since the State was not a party to the suit those before the court could not, by mutual consent, confer jurisdiction on that court and bind the State. The principle announced is generally true bearing in mind the rules of virtual representation and class suits, neither of which was involved in either the cited case or in No. 7978.

The jurisdiction of our district courts is very general, including practically all matters pertaining to landed estates, except perhaps where probate courts have some form of jurisdiction. "Jurisdiction" is said to be "the authority by which judicial officers take cognizance of and decide causes." 11 Tex.Jur. 712, sec. 9. In the same citation it is said in effect that if the court did not acquire jurisdiction the judgment is void. Again in the same citation it is announced that if jurisdiction was acquired it matters not how erroneous its decision may be the court's judgment is not void. The rule is different when a direct attack on a judgment is made from that controlling collateral attacks. In Metropolitan Life Insurance Co. v. Pribble, Tex.Civ.

App., 130 S.W.2d 332, writ refused, the rule was re-affirmed substantially to the effect that when a court of general jurisdiction acquires jurisdiction of the person and subject matter and its judgment becomes final, it may not be attacked, it matters not how erroneous its decision may be. Citing 34 C.J. 901; 50 C.J.S., Judgments, § 704.

Appellants argue that even though the court acquired jurisdiction of their person in cause No. 7978, it did not have jurisdiction of the subject matter "because the petition (in that suit) did not bring before the court sufficient and proper facts to confer jurisdiction on the trial court." We have previously pointed out the nature of the petition and prayer in cause No. 7978 and we think they were sufficient to put in issue the priority of the claims of the respective parties, especially when there was no attack made on the petition. The judgment entered was in conformity with the pleadings. We have no means of knowing what testimony was heard at the trial other than as indicated by the judgment itself but when a judgment is regular on its face showing jurisdiction of the court, as did the one in cause No. 7978, we must presume there was sufficient evidence adduced to support the judgment, especially when, as here, the attack is a collateral one.

Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, is one of the early outstanding cases which has emphasized the sanctity of judgments rendered by our courts and holds that our public policy requires subsequent courts and parties litigant to observe them when they are called in question by collateral attack. This case has been cited with approval over a hundred times by courts as indicated by Shepard's Citations. We think the principles announced in that case are controlling in the case before us. We can add nothing to the reasoning there set out by the court.

To discuss the various arguments and contentions presented by each of the parties in this case based upon their respective theories, even though we do not agree with some of them, would unnecessarily extend this opinion.

■ We have carefully studied this entire record and it is our opinion that the pleadings in the instant case were sufficient to raise the issues upon the theory heard and tried by the court. This statement disposes of and overrules the points complaining with reference to special exceptions and the plea in abatement. What we have said makes it clear that we think and so hold that appellants parted with their one-sixth interest under the judgment in cause No. 7978 as raised by appellants' point 10.

Finding no reversible error in this record, all points of assigned error are overruled and the judgment of the trial court is affirmed.