**COOPER et al.  v.  BUETOW et al.**

No. 3091.

Court of Civil Appeals of Texas.

Eastland.

May 21, 1954.

Rehearing Denied June 18, 1954.

Scarborough, Yates, Scarborough & Black, Abilene, Mays & Leonard, Sweetwater, for appellants.

Upton, Upton, Baker & Griffis, San Angelo, J. C. Hutcheson III, Houston, Grover Cunningham, Jr., Big Spring, F. C. Ashby, Midland, for appellees.

LONG, Justice.

Appellants instituted this suit in trespass to try title seeking to recover one-half of the royalty in the east one-half of Section 17, Block 27, H. & T. C. Ry. Co. Survey in Howard County, Texas. Appellants alleged that the land was originally owned by Walter Bishop who, on July 10, 1925, executed a deed of trust lien on the land in favor of Henry DeVries to secure the payment of a note in the sum of $2,000; that thereafter, Bishop sold the land to Don Means and Carl Bradford, who assumed the payment of the note payable to DeVries. Means and Bradford sold the land to M. G. Cooper who also assumed payment of said note; that DeVries thereafter brought a suit to foreclose the lien and alleged in his petition that Bishop had given the note and secured it by deed of trust and that Don Means and Carl Bradford assumed payment of such note and that they, in turn, sold the land to Cooper who assumed the payment of the note; that the deed from Means and Bradford to Cooper was never placed of record but that Cooper was made a party to the foreclosure suit. They further alleged that Cooper who bought the land was never served with citation and knew nothing about the filing of the suit; that although M. G. Cooper was named by the plaintiffs in the petition

as a defendant and as the owner of the land, that no citation was ever served on Cooper, the man who bought the property. They further alleged that a citation was served on a man named M. G. Cooper in Tarrant County who was not the man who had bought the land and on the strength of this service, the court rendered a judgment for the holder of the lien against Bishop, Means, Bradford and M. G. Cooper; that M. G. Cooper is deceased and that appellants are his only heirs at law.

Appellees filed a motion for a summary judgment which was granted. The court rendered judgment that appellants take nothing, hence this appeal.

The two grounds relied upon by appellees in their motion for a summary judgment, which we believe were sufficient to sustain the action of the trial court in granting said motion, are as follows:

"First. The judgment in Cause No. 1049 in the District Court of Howard County styled DeVries v. Bishop et al., is regular on its face and recites due service on all of the defendants. If appellants contend that the M. G. Cooper under whom they claim was named as a defendant in that suit, the recitation of service in the judgment is conclusive and cannot be attacked.

"Second. If, on the contrary, appellants contend that the M. G. Cooper under whom they claim was not named as a defendant in said Cause No. 1049, there is nothing in the record to show that he ever had any right, title or interest in the property. Appellees, having acquired the interests of the record owners for value and without any notice or knowledge of his claim, are entitled to prevail as innocent purchasers for value."

The record discloses that the judgment for foreclosure in Cause No. 1049 in the District Court of Howard County, styled DeVries v. Bishop et al., was entered on February 8, 1927; that an order of sale was duly executed and on May 4, 1927, the sheriff of Howard County conveyed the property to appellee, Dr. G. T. Hall, for a consideration of $2,500. Thereafter, in 1927, Dr. Hall sold the land, reserving one-half the royalty. Title to this reserved one-half of the royalty is the property which is at issue in this case.

■ It is the contention of appellants that there were two persons named M. G. Cooper, one of whom lived in Tarrant County and the other in Haskell County. They further contend that Means and Bradford sold the one-half section of land in question, not to M. G. Cooper of Tarrant County, the person named and served in the foreclosure suit, but to M. G. Cooper of Haskell County. They contend that since M. G. Cooper of Haskell County was not served with process in the foreclosure proceedings, his interest was not affected thereby and that the judgment so rendered was void as to him. We agree with appellees that if M. G. Cooper of Haskell County, under whom appellants claim, was named as a defendant in the foreclosure proceedings, that the recitation of service in the judgment is conclusive and cannot be collaterally attacked. The judgment in the foreclosure proceedings recites that M. G. Cooper, defendant, was duly served with process. This being true, under the holdings of Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325 and Hipp v. Donald, Tex.Civ.App., 220 S.W.2d 268, evidence is not admissible dehors the record for the purpose of showing that M. G. Cooper was not actually served with process.

■ Appellants rely upon the case of State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440. We agree that under the holdings in that case, appellants had the right, if they could, to show that M. G. Cooper of Haskell County, under whom they claim, was another and different person than M. G. Cooper of Tarrant County, upon whom service was had and that M. G. Cooper of Haskell County was not served with process. But when this has been established, there is nothing in the chain of title which shows or tends to show that M. G. Cooper of Haskell County had any claim to the land. The only thing that

was shown with reference to any unrecorded deed was the allegation in plaintiffs' petition in the foreclosure proceedings to the effect that M. G. Cooper of Tarrant County had such a deed to the land. Any rights M. G. Copper of Tarrant County had in the land were wiped out by the foreclosure proceedings. So far as the record discloses, at the time Dr. Hall bought the land, this was the only M. G. Cooper that had any claim thereto. If it be conceded that the judgment in the foreclosure suit is void, yet there was nothing in the chain of title to put Dr. Hall on notice of the claim of M. G. Cooper of Haskell County to the land. We are dealing here with a claim to land predicated upon a deed that was never filed for record. All that was shown in the chain of title relative to said deed was that Means and Bradford sold the land to M. G. Cooper of Tarrant County and that said deed had never been filed for record. The deed conveying the land to Dr. Hall was based upon a foreclosure judgment, regular on its face, showing service upon M. G. Cooper of Tarrant County. The judgment recited that the defendant, M. G. Cooper, purchased the land and assumed the indebtedness. Plaintiffs' petition upon which the judgment is based, alleged that the defendant, M. G. Cooper, resided in Tarrant County. By no stretch of the imagination can we see in what way Dr. Hall had any notice of the claim of M. G. Cooper of Haskell County. Dr. Hall had a right to rely upon recitals in the judgment that M. G. Cooper of Tarrant County was the owner of the land and had been duly served with process.

Article 3818, Vernon's Annotated Revised Civil Statutes, provides:

"A purchaser at a sale under execution shall be deemed to be an innocent purchaser without notice in all cases where he would be deemed to be such had the sale been made voluntarily by the defendant in person."

The law is settled that every person buying land is charged with knowledge of every fact which appears in any instrument in the chain of title through which he claims and that where in such chain of title there appears any statement of fact or circumstance sufficient to put a reasonably prudent person on inquiry as to the rights of other persons in the property, the purchaser is charged with knowledge of all facts which would have been discovered by reasonable inquiry.

There was nothing in this chain of title to put Dr. Hall on inquiry. There was nothing to direct his attention to the fact that M. G. Cooper of Haskell County was the holder of an unrecorded deed to the land in question. We are of the opinion that the trial court properly granted appellees' motion for a summary judgment.

The judgment is affirmed.