**C. L. COULSON and Andrew Perry Clark,
Appellants,**

v.

**CITY OF SAN ANGELO, Appellee.**

No. 10381.

Court of Civil Appeals of Texas.

Austin.

Jan. 4, 1956.

Rehearing Denied Jan. 25, 1956.

C. L. Coulson, in pro. per.

H. D. Howard, San Angelo, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court sustaining a plea of res adjudicata and dismissing appellants' suit.

Appellant Clark, who is not an attorney, appeared in his own behalf only.

The record shows that a former suit instituted by C. L. Coulson and Andrew

Clark as plaintiffs against the City of San Angelo in which the same or similar allegations were made, was tried before a jury and resulted in a verdict favorable to the city and on which verdict a judgment was rendered and became final.

This instant suit was instituted by the same plaintiffs and against the city and allegations made as in the former suit and the same ordinance was attacked.

The court made findings of fact and conclusions of law as follows:

"C. L. Coulson, et al } In the 119th District
vs. } Court of Tom Green
City of San Angelo } County, Texas

"Findings of Fact and Law

"In response to the request of Plaintiffs in the above entitled and numbered cause, I make and file the following as my findings of fact and conclusions of law on the hearing of res adjudicata."

"Findings of Fact

"1. That on April 18, 1952, C. L. Coulson and Andrew Perry Clark filed suit against the City of San Angelo, a municipal corporation, contesting the validity of an ordinance of said city which established a monthly sewage charge.

"2. That said cause, number 20,-499–A, went to trial on Plaintiffs' first amended original petition before the Honorable Joe L. Mays, judge of the 51st Judicial District Court of Tom Green County, Texas, and that on October 15, 1953, said judge entered a judgment on the minutes of said court that Plaintiffs take nothing by their suit.

"3. That said judgment is not on appeal, has not been reversed, altered or made void.

"4. That the parties were identical in both suits.

"Conclusions of Law

"1. That the capacities of the parties were the same in both suits.

"2. That the two suits contained substantially the same cause of action and requested substantially the same relief.

"3. That the present suit gives new reasons why a judgment should be entered for Plaintiffs but all of those reasons were either adjudicated in the prior suit or could have been.

"4. That none of these new reasons for judgment would have required new or different proof than necessary to sustain the action in the prior suit.

"5. That the suit and judgment in the 51st Judicial District Court, entered by Judge Joe L. Mays on October 15, 1953, is a complete bar to the prosecution of the present suit.

"/s/ O. L. Parish
O. O. Parish, Judge
Presiding."

The appellants claim that the sewer ordinance is not valid or constitutional even if the District Court should hold so every day for a year and would not be until the Supreme Court of Texas had held the same constitutional.

We believe that the two suits are similar in tenets and to the same effect and have the same purpose to put in issue the constitutionality of the sewer charge maintained by the city.

■ Since the first suit was tried and judgment entered and from which no appeal was perfected and which has not been set aside, it is a bar to appellants' subsequent suit involving the same subject matter.

■ In the present suit plaintiffs sought to introduce evidence to show the invalidity of the prior judgment, such constituted a

collateral and not a direct attack upon the prior judgment, and particularly so since there were no pleadings to support the evidence and the court was correct in holding that the evidence was inadmissible.

Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Hipp v. Donald, Tex.Civ.App., 220 S.W.2d 268, er. ref.; 26 Tex.Jur. 51, Sec. 370.

The court did not err in sustaining the plea of res adjudicata.

Evidence was introduced as follows:

The First Amended Original Petition and judgment therein. The appellant Clark testified that the parties in both suits were identical and that the first cause was not on appeal or set aside.

The court made findings of fact and conclusions of law as hereinabove set out.

■ There are four elements necessary before res adjudicata will apply and are: identity of the thing sued for, identity of the cause of action, identity of the parties to the action, and of quality in the persons or parties. 26 Tex.Jur. 109, Sec. 406.

No new evidence would have been required to support the reasons set out in the second suit why relief should not be granted.

26 Tex.Jur. 135, 136, 137, Secs. 418 and 419; Puls v. Clark, Tex.Civ.App., 199 S.W. 2d 811, er ref., n.r.e.

■ Res adjudicata is not limited to any particular class of court, but applies to all courts, either trial or appellate, so long as they keep within their powers.

26 Tex.Jur. 51, Sec. 371.

The findings of fact made by the court are supported by the record.

The judgment of the trial court is affirmed.